SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
jhoffman@sheppard.com
MADALYN A. MACARR, Cal. Bar No. 301539
mmacarr@sheppard.com
CAROLYN CAREY, Cal. Bar No. 356506
ccarey@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street #900
Oakland, California 94612
Telephone: (510) 379-5801
Facsimile: (510) 228-0350

Attorneys for Kathy Myles and Willie Daniels

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No. 2:26-cv-00452-CAS (MBKx)

*Assigned to Hon. Christina A. Snyder*

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

***Scheduling Conference*:**

**Date: May 11, 2026**
**Time: 11:00 a.m.**
**Crtrm.: 8D (8th Floor)**

Complaint Filed: January 15, 2026
FAC Filed: January 28, 2026
SAC Filed: March 16. 2026

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's April 8, 2026 Order Setting Scheduling Conference, counsel for the parties conferred on April 20, 2026 regarding the nature and basis of their claims and defenses, the possibility for settlement and discovery. The parties' joint report and discovery plan follows:

## I. STATEMENT OF THE CASE

This is an insurance bad faith case by homeowners Kathy Myles and Willie Daniels against their property insurer, State Farm General Insurance Company. Plaintiffs' home suffered a water loss. State Farm denied the claim in its entirety on the basis of two policy exclusions. The parties dispute the existence of coverage. The parties dispute the reasonableness of State Farm's investigation and denial of the claim. Plaintiffs seek contractual damages as well as consequential damages including increased costs of construction, emotional distress, and attorneys' fees. Plaintiffs likewise seek punitive damages for alleged malice, fraud, and oppression. State Farm denies that it unreasonably denied Plaintiffs' claim and denies that it caused any of Plaintiffs' alleged harm.

## II. RULE 26(f) DISCOVERY PLAN

### A. Timing, Form, or Requirements for Rule 26(a) Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The parties will complete and serve their initial disclosures required by Rule 26(a)(1) by May 4, 2026. The parties will also exchange documents under Rule 26 on that date. The parties agree that no changes to the form or requirements for the initial disclosures are necessary.

### B. Discovery Subjects and Phases (Fed. R. Civ. P. 26(f)(3)(B))

The parties anticipate that discovery will be needed on Plaintiffs' sole claim for relief for bad faith, including Plaintiffs' alleged damages, and State Farm's defenses thereto. The parties do not believe that it is necessary for the Court to enter an Order requiring discovery to be conducted in phases, except they agree that

percipient discovery should be completed before expert disclosures and expert discovery.

State Farm served an initial set of interrogatories, requests for admission and requests for production on Plaintiffs on April 21, 2026. Plaintiff served its initial set of requests for production on April 22, 2026, and a second set of requests for discovery and initial interrogatories on April 28, 2026.

Discovery is underway and the parties expect objections and motion practice regarding scope and proportionality under Rule 26.

The parties request the following discovery cut-offs:

- April 15, 2027 – fact discovery
- June 1, 2027 – expert disclosure
- July 1, 2027 – rebuttal expert disclosure
- July 30, 2027 – expert discovery cutoff

**C. Issues re Disclosure or Discovery of Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The parties do not believe any issues will arise regarding discovery of electronically stored information.

**D. Issues re Claims of Privilege or Work Product (Fed. R. Civ. P. 26(f)(3)(D))**

The parties do not propose any modification to the procedures set forth in Fed. R. Civ. P. 26(b)(5) for withholding documents based upon the attorney-client privilege or the work product doctrine and for identifying privileged documents that have been inadvertently produced.

**E. Changes or Limitations in Discovery Rules (Fed. R. Civ. P. 26(f)(3)(E))**

The parties do not propose any changes in the limitations on discovery set by the Federal Rules of Civil Procedure or local rules and agree to conduct discovery in accordance with those rules.

**F. Other Discovery or Scheduling Orders (Fed. R. Civ. P. 26(f)(3)(F))**

The parties anticipate the need for a protective order governing the dissemination and use of confidential information. However, the parties have been unable to agree on the form of the order, and anticipate needing the Court's assistance to resolve the dispute.

## II. LOCAL RULE 26-1

**A. Complex Case (Local Rule 26-1(a))**

The parties agree that this case is not sufficiently complex to require use of all or part of the procedures of the Manual For Complex Litigation.

**B. Motion Schedule (Local Rule 26-1(b))**

The Parties propose May 15, 2027 as the dispositive motion cut-off date.

**C. ADR (Local Rule 26-1(c))**

The parties participated in private mediation with Rachel Ehrlich on February 25, 2026. To the extent the Court is inclined to order the parties to participate in a second ADR process, under Local Rule 16-15, the parties select Settlement Procedure No. 3, private mediation.

**D. Trial Estimate (Local Rule 26-1(d))**

The parties preliminarily estimate a trial lasting 7-10 days.

The parties propose a trial date of October 1, 2027.

The parties do not propose severance, bifurcation or other ordering of proof.

**E. Additional Parties (Local Rule 26-1(e))**

The Parties are not currently aware of any parties that are likely to be added to this case.

**F. Expert Witnesses (Local Rule 26-1(f))**

The parties agree to make expert disclosures within the time set forth in Fed. R. Civ. P. 26(a)(2)(C):

- Initial expert disclosures and reports: June 1, 2027
- Rebuttal expert disclosures and reports: July 1, 2027

## III. PROPOSED SCHEDULE

| | **Proposed Date** |
|---|---|
| Date to Exchange Initial Disclosures | May 4, 2026 |
| Last Day to Add Parties and Claims | June 1, 2026 |
| Non-Dispositive Motion Filing Cutoff | April 15, 2027 |
| Close of Fact Discovery | April 15, 2027 |
| Dispositive Motion Filing Cutoff | May 15, 2027 |
| Expert Disclosure (Initial) | June 1, 2027 |
| Expert Disclosure (Rebuttal) | July 1, 2027 |
| Close of Expert Discovery | July 30, 2027 |
| Pre-Trial Conference | September 13, 2027 |
| Trial | October 11, 2027 |

Date: May 4, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *Jennifer M. Hoffman*

JENNIFER M. HOFFMAN
MADALYN A. MACARR
CAROLYN CAREY
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Date: May 4, 2026

Kerley Schaffer LLP

[signature]

Dylan L. Schaffer
Attorneys for Plaintiffs

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 6, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *Jennifer M. Hoffman*
JENNIFER M. HOFFMAN
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY