SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER M. HOFFMAN, Cal Bar No. 240600
  jhoffman@sheppard.com
MADALYN A. MACARR, Cal Bar No. 301539
  mmacarr@sheppard.com
CAROLYN CAREY, Cal Bar No. 356506
  ccarey@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIAM DANIELS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, <br><br> Defendants. | Case No. 2:26-cv-00452-CAS (MBKx) <br><br> District Judge: *Hon. Christina A. Snyder* <br> Mag. Judge: *Hon. Michael B. Kaufman* <br><br> **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S:** <br><br> **(1) NOTICE OF MOTION AND MOTION FOR ENHANCED PROTECTIVE ORDER PROVISIONS; and** <br><br> **(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [*Declaration of Jennifer Hoffman and [Proposed] Order filed concurrently herewith*] <br><br> **Hearing Before Hon. Michael B. Kaufman** <br><br> Date:   July 8, 2026 <br> Time:   10:00 a.m. |

Case No. 2:26-cv-00452-CAS (MBKx)

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 8, 2026 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Michael B. Kaufman, in Courtroom 550 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendant State Farm General Insurance Company ("State Farm") will and hereby moves the Court, pursuant to Federal Rule of Civil Procedure 26(c), for an order entering enhanced protective order provisions governing (i) the use of confidential information and (ii) document retention requirements, as set forth in the accompanying Memorandum of Points and Authorities.

State Farm's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer Hoffman, the papers, records and documentary materials on file or deemed to be on file in this action, those other matters of which this Court may take judicial notice, the oral arguments of counsel made at the hearing, and upon such other evidence and materials as this Court deems necessary.

This Motion is made following the conferences of counsel held pursuant to L.R. 37-1 on May 4, 2026 and May 26, 2026, and pursuant to the Court's Order issued in connection with the pre-motion conference held on May 19, 2026. (Hoffman Dec., ¶¶ 2-3; ECF 29).

Dated:  June 18, 2026                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       _/s/ Jennifer M. Hoffman_
           JENNIFER M. HOFFMAN
           MADALYN A. MACARR
           CAROLYN CAREY
           Attorneys for Defendant
           STATE FARM GENERAL INSURANCE COMPANY

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. RELEVANT BACKGROUND .............................................................................1

III. LEGAL STANDARD .........................................................................................4

IV. CLARIFICATION IS WARRANTED .................................................................5

    A.    The "Use" Language in Section 7.1 and Exhibit A is Necessary to Protect State Farm's Confidential Information in This Case..................................5

    B.    The "Document Retention" Language is Necessary to Avoid Conflict with Mandated Recordkeeping Obligations .......................................................9

V. CONCLUSION.................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Chavez-Deremer v. Coway USA, Inc.*
No. 2:24-cv-08156-JLS-AJR, 2025 WL 3704376 (C.D. Cal. Dec. 22, 2025) ........................................................................................................... 10

*Cleveland v. Ludwig Inst. for Cancer Research Ltd.*
No. 19-cv-02141-JM (JLB), 2021 WL 4993025 (S.D. Cal. Oct. 27, 2021) ........ 7

*Concord Music Grp., Inc. v. Anthropic PBC*
24-cv-03811-EKL (SVK), 2025 WL 3773754 (N.D. Cal. Dec. 31, 2025)...... 6, 7

*Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*
265 F.R.D. 510 (E.D. Cal. 2010)................................................................... 9

*In re Dual-Deck Video Cassette Recorder Antitrust Litigation,*
10 F.3d 693 (9th Cir. 1993) ...................................................................... 5, 6

*In re eBay Seller Antitrust Litig.*
No. C07–01882 JF (HRL), 2010 WL 2106004 (N.D. Cal. May 25, 2010) ..... 7, 8

*Jazz Pharms. Inc. v. Amneal Pharms. LLC*
No. 13-391(ES) (JAD), 2016 U.S. Dist. LEXIS 61373 (D.N.J. Jan. 22, 2016) ............................................................................................................. 7

*Leung v. Unum Life Ins. Co. of Am.*
No. 22-cv-00767-W-JLB, 2023 WL 4194441 (S.D. Cal. June 23, 2023) ........... 9

*Mahboob v. Educ. Credit Mgmt. Corp.*
2021 WL 818971 (S.D. Cal. Mar. 2, 2021)...................................................... 5

*MPI Tech A/S v. Int'l Bus. Machines Corp.*
No. 15CV4891 (LGS) (DF), 2017 WL 11896263 (S.D.N.Y. Apr. 18, 2017) ............................................................................................................. 8

*On Command Video Corp. v. LodgeNet Ent. Corp.*
976 F. Supp. 917 (N.D. Cal. 1997)................................................................. 5

*Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*
192 F. Supp. 3d 400 (S.D.N.Y. 2016)............................................................. 8

*Tong v. State Farm Gen. Ins. Co.*
2024 WL 5472414 (C.D. Cal. Dec. 20, 2024)................................................. 1, 4, 6

Other Authorities

10 CCR § 2695.3. ...................................................................................... 9, 10

Fed. R. Civ. P. 26(c) ..................................................................................... 4

SMRH:4923-2193-3490.7

Case No. 2:26-cv-00452-CAS (MBKx)
STATE FARM'S MOTION FOR ENHANCED PROTECTIVE ORDER PROVISIONS

# I.  INTRODUCTION

Pursuant to the Court's Order and Stipulation, (ECF 29, ECF 30), State Farm General Insurance Company ("State Farm") moves this Court to enter enhanced protective order provisions to: (i) clarify the meaning of "use" in order to prevent anticipated disputes regarding misuse of State Farm's confidential information; and (ii) permit reasonable compliance with mandated document retention requirements.

Recently, Plaintiffs' counsel have used information contained in State Farm's confidential materials produced in one case in pursuing other cases against State Farm.  For example, they have used Bates ranges of document productions, the titles of confidential documents, and the contents of such documents in other litigation.  Plaintiffs' counsel concede the conduct but dispute that it constitutes "use."  Clarifying the term will avoid disputes in this litigation.  Such enhanced protections are also particularly warranted given this Court's recent finding that Plaintiffs' counsel engaged in other conduct which more generally threatens to erode the confidential nature of State Farm's proprietary materials.

State Farm also seeks language to ensure the protective order's destruction provision does not conflict with its retention obligations under California law.  California law requires insurers to retain all documents that "reasonably pertain" to a claim, regardless of how litigation concludes.  Plaintiffs' counsel have agreed to similar provisions in other cases designed to ensure compliance with that and other regulatory requirements that impact only State Farm in this litigation (not Plaintiffs).  Although Plaintiffs are not subject to the requirements, State Farm offered to make the retention provision mutual in an effort to reach agreement. Plaintiffs refused.

# II.  RELEVANT BACKGROUND

Courts, including this Court, have found that Plaintiffs' counsel have obtained or sought to obtain State Farm's proprietary materials outside the terms of governing protective orders, and have used confidential materials in way that threatens their confidential nature.  *See, e.g.*, *Tong v. State Farm Gen. Ins. Co.*, 2024 WL 5472414,

at *4 (C.D. Cal. Dec. 20, 2024) (finding it "necessary to include . . . additional protections given Plaintiffs' counsel's belated compliance with protective orders in other cases").

Plaintiffs' counsel's sworn statements also reflect a personal, financial interest in obtaining and using State Farm's confidential materials outside the terms of protective orders.  Plaintiffs' counsel Mr. Dylan Schaffer characterizes himself as "among the state's leading experts on the issue of State Farm water loss denials," stating that he "routinely consult[s]" with "many other lawyers in California on State Farm matters."  (Hoffman Dec., Ex. A, ¶¶ 53-54).

The San Diego Superior Court's findings in *Pachall* are illustrative.  The court found that a law firm that retained Mr. Schaffer "failed to comply" with the applicable protective order by providing Mr. Schaffer, who at the time was acting as an undisclosed consultant who had not signed the protective order, with State Farm's confidential production.  (*Id.*, Ex. B).  Based on the disclosure outside the terms of the protective order, the court later ordered that counsel and Mr. Schaffer submit signed verifications regarding the dissemination of confidential information. (*Id.*).

Mr. Schaffer's verification, submitted under penalty of perjury, acknowledged that he "relied on the existence of confidential information produced in [*Pachall*] to make discovery requests in two matters," but contended that because he only "cited titles and Bates numbers," he "neither used [n]or revealed confidential information" within the meaning of the protective order.[1]  (*Id.*, Ex. C, ¶ 6).  He further stated his belief that his conduct did "*not* constitute a 'use' of confidential material . . . and

---

[1] Notably, the protective order in *Pachall* expressly limited use of confidential materials to the litigation but did not detail "use" further.  It states that confidential information "shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever."  (*Id.*, Ex. D, p. 2:7-11).

therefore [he] ha[d] no obligation to reveal it." (*Id.*, ¶ 5).  Mr. Schaffer withdrew as counsel in *Pachall* on September 24, 2025, one month before trial.

The same use of confidential materials produced in other litigation is now occurring here.  Several of Plaintiffs' 96 requests for production and their correspondence in this matter explicitly reference (either by Bates number, title, and/or contents) documents that State Farm produced subject to protective orders in other litigation.  (*See id.*, ¶¶ 10-17).  For example:

Request No. 36 quotes a specific bullet point from page 14 of a 17-page PowerPoint that State Farm designated confidential in its entirety, seeking:

> All DOCUMENTS containing and/or sufficient to describe YOUR "[confidential]" as referenced at Bates STICJ1980. (All such identified Bates ranges are from documents produced in the matter, *James Stickney, et al. v. State Farm General Insurance Company et al.*; Superior Court of California, County of Orange, Case No.: 30-2021-01231896-CU-IC-CXC. Further references to Bates starting with STICJ refer to the Stickney matter.)

Request No. 37 similarly quotes the contents of another confidential document and references an entire production from a separate matter:

> All DOCUMENTS containing and/or sufficient to describe YOUR water forum review, reference Bates STICJ1951, INLUDING [sic] all DOCUMENTS YOU agreed to produce in YOUR Response to Request for Production 79, p.19:13-16, in the matter*, Savas v. State Farm General Insurance Company*, Los Angeles Superior Court, No. 21STCV0286, in which YOU stated "State Farm will produce DOCUMENTS representative of its efforts to promote quality claim handling on water loss claims in California during the relevant time frame, including DOCUMENTS referencing the term "Water Forum," subject to the protective order that has been entered in this matter.

Requests Nos. 38, 39, and 43 reference that same document by bates stamp, either quoting from it directly or revealing its contents.

- Request No. 38 seeks: "All DOCUMENTS used in any presentation, or distributed to any participants before, during or after, YOUR [confidential] as set forth on Bates STICJ1951."

- Request No. 39 seeks: All DOCUMENTS reflecting the contents of YOUR [confidential] as set forth on Bates STICJ1951.

-3-   Case No. 2:26-cv-00452-CAS (MBKx)

- Request No. 43 seeks: "All DOCUMENTS provided to YOU [confidential] referred to at Bates STICJ1951, relating to YOUR INVESTIGATION and/or ADJUSTING of WATER LOSSES."

In addition, on June 11, 2026, Plaintiffs' counsel shared a "document list" of purportedly responsive documents that they have compiled from State Farm's confidential productions in nine other matters, including matters such as *Mojica* where Plaintiffs' counsel neither served as counsel of record, nor was a signatory to the protective order, and was not a disclosed consultant to counsel of record's knowledge. (*Id.*).

Taken together, these writings confirm that Plaintiffs' counsel have extensively reviewed State Farm's confidential productions from other litigation to advance this case. To address this conduct, and the separate issue of State Farm's mandatory retention obligations, State Farm sought enhanced protective order provisions, which Plaintiffs' counsel refused. Following this Court's pre-motion conference on the issue, the Parties stipulated to brief disputed terms regarding: (i) use of confidential information in other litigation, and (ii) document retention requirements. (*Id.*, ¶¶ 2-3; ECF 30). This Motion followed.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes courts to enter protective orders, for good cause, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Courts have broad discretion in determining the appropriate degree of protection and have entered enhanced provisions where warranted. *Tong*, 2024 WL 5472414, at **3-4 (finding it "necessary" to include "additional protections" given this counsel's "belated compliance with protective orders in other cases" and efforts to obtain State Farm's confidential materials "outside the limitations of a protective order").

## IV.  CLARIFICATION IS WARRANTED

**A.    The "Use" Language in Section 7.1 and Exhibit A is Necessary to Protect State Farm's Confidential Information in This Case**

The protective order should expressly prohibit State Farm's confidential information from being used in other litigation.  In general, protective orders should be read in a "reasonable and common sense manner so that [their] prohibitions are connected to [their] purpose." *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997).  A common purpose is to limit the use of confidential information to the action in which it was produced, and courts have consistently found violations where a party used protected information in other litigation.  *See, e.g.*, *On Command Video Corp.*, 976 F. Supp. at 922 (finding misuse where party used protected information as basis for filing separate lawsuit); *Mahboob v. Educ. Credit Mgmt. Corp.*, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021), *rep. and rec. adopted*, 2021 WL 7448532 (S.D. Cal. Mar. 31, 2021) (same).

The "solely and exclusively" language[2] in section 7.1 and Exhibit A is necessary to make that purpose explicit and unambiguous: to restrict use of confidential information to *this* litigation, not merely to prohibit public disclosure.  This distinction is critical.  In *On Command Video*, the court found a violation precisely because the plain language unequivocally barred all uses of confidential materials except for "analysis of issues presented in *this* litigation."  976 F. Supp. at 921-22.  By contrast, in *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, the Ninth Circuit only found technical violations due to vague or

---

[2] The disputed "solely and exclusively" language is italicized below.

Section 7.1: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action *solely and exclusively* for prosecuting, defending, or attempting to settle this Action.

Ex. A: *I further acknowledge and agree to use any Protected Material that I receive in connection with this Action solely and exclusively for purposes of this Action.*

overbroad language that made the use restriction untenable. 10 F.3d 693, 695-96 (9th Cir. 1993). The "solely and exclusively" language here is necessary to foreclose any argument that the order's purpose is limited only to preventing public or competitive disclosure of proprietary information, because, without it, the purpose language in sections 1.1 and 7.1 are ambiguous. Specifically, Section 1.1 only provides that "use [of confidential information] for any purpose other than prosecuting this litigation *may* be warranted" and Section 7.1 only provides that use of confidential information for "prosecuting, defending, or attempting to settle this Action" is one, but not the only permissive use. (ECF 31 (italics added)). Clarity on this point is important given this counsel's propensity to consult on, associate in as counsel on, and bring new matters against State Farm. *See supra*, Section II.

The "Use of Protected Material" language[3] further serves to clarify what constitutes misuse. As the Northern District recently acknowledged, "the term 'use' benefits from clarification" in this context given varying approaches under non-controlling case law. *Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 3773754, at **2-3 (N.D. Cal. Dec. 31, 2025) (collecting cases).

State Farm does not contend that a bare reference to a Bates number or document title, standing alone, necessarily constitutes misuse. However, as the Central District recognized, a compilation or grouping of State Farm's materials may present a legitimate risk of harm. *Tong*, 2024 WL 5472414, at *4. Regardless, Plaintiffs' counsel's prior conduct goes far beyond that threshold, and suggests that Plaintiffs' counsel is performing extensive review of State Farm's confidential materials from one case to advance other cases. As mentioned, Plaintiffs' counsel

---

[3] Use of Protected Material includes: (1) referencing the existence or contents of Protected Material, including the titles of documents produced pursuant to this Protective Order, or Bates ranges of documents produced pursuant to this Protective Order; (2) the scanning, storing, searching or manipulation of Protected Material; and (3) the sharing of Protected Material with artificial intelligence.

has quoted from the contents of confidential documents, referenced the substance of an entire production as responsive to a discovery request, and leveraged the contents of specific Bates-stamped materials to define the scope of discovery sought here. *See supra*, Section II.  This constitutes misuse.[4]  *See Cleveland v. Ludwig Inst. for Cancer Research Ltd.*, 2021 WL 4993025, at **11–12 & n.6 (S.D. Cal. Oct. 27, 2021) (finding violation where counsel "purport[ed] to *represent* the contents" of confidential documents produced in earlier litigation, and rejecting plaintiffs' mischaracterization that the use dispute is merely about a single word in quotations marks) (italics added).

This conduct also confirms another type of misuse—"mining" of State Farm's confidential productions as "source material" for this action and potentially other actions years after those productions were made.  *See In re eBay Seller Antitrust Litig.*, 2010 WL 2106004, at *1–2 (N.D. Cal. May 25, 2010) ("mining" a confidential production as "source material" for another action would violate protective order); *Concord Music Grp.*, 2025 WL 3773754, at **2–3 (a party should not be "given carte blanche to 'mine' through all the information produced . . . to support any potential claims . . . in separate litigation").

Without the proposed clarification, such conduct will remain "devilishly hard to police" absent further investigation into Plaintiffs' counsel's practices.  *In re eBay*

---

[4] Even if this Court accepted that contextual references to Bates numbers or document titles in isolation do not, without more, constitute misuse, misuse plainly occurred here.  In formulating their requests, Plaintiffs' counsel did not merely gesture at the existence of documents—they affirmatively categorized and relied on the substance of confidential documents to justify their demands.  *See Jazz Pharms. Inc. v. Amneal Pharms. LLC*, 2016 U.S. Dist. LEXIS 61373, at **5–8 (D.N.J. Jan. 22, 2016) ("[B]y referring to the fact that [a party] had already produced documents responsive to the [specific] requests in connection with this litigation (i.e., inherently relying on the contents of those confidential documents as the basis for its point), and using that fact as part of its argument as to why [that party] should have to provide additional discovery . . . [defendants] again violated the [order].").

*Seller Antitrust Litig.*, 2010 WL 2106004, at \*2.  The Court can prevent that outcome now by entering the proposed language.

Notwithstanding the authority cited above, Plaintiffs' counsel may invoke *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, 192 F. Supp. 3d 400 (S.D.N.Y. 2016) or similarly non-controlling authority for the proposition that alluding to the *existence* of documents, without more, does not constitute a violation.  *Royal Park* is inapposite.  The conduct at issue there was limited to counsel acknowledging, during meet-and-confer discussions, a break in a deposition, and at a discovery conference, that certain documents had been produced based on the same financial loss.  *Id.* at 402, 407.  The court found no violation because the only purported misuse, *i.e.* the act of referencing confidential or even non-confidential information "in that setting and for that purpose," disclosed the existence and not the contents of those documents.  *Id.* at 404-05.  Here, in contrast, Plaintiffs' counsel is basing this lawsuit and discovery demands on both the existence and contents of confidential documents produced in other cases, involving other claims, in other locations, at other times, involving different facts and different claims adjusters.  And where, as here, counsel's reliance is not merely on a general recollection of what documents exist but on the actual substance and detailed content within those documents, *Royal Park* provides no refuge.  *See MPI Tech A/S v. Int'l Bus. Machines Corp.*, 2017 WL 11896263, at \*\*10, 14 (S.D.N.Y. Apr. 18, 2017) (distinguishing *Royal Park* and finding violation where counsel claimed he relied only on his "general recollection" of confidential information to base new action, and finding it "troubling" that a use restriction "could be avoided merely by counsel's reading the documents . . . and then setting the documents aside and using his recollection of the documents' contents for the prohibited purpose.").  Any suggestion that Plaintiffs' counsel prepared such detailed and substantive discovery requests from recollection alone strains credulity.

## B.       The "Document Retention" Language is Necessary to Avoid Conflict with Mandated Recordkeeping Obligations

State Farm requests document retention language[5] to enable compliance with its obligations under the Insurance Code and 10 CCR § 2695.3.  § 2695.3 provides that insurer "claim files shall be subject to examination by the Commissioner" and that the files "shall contain all documents, notes and work papers (including copies of all correspondence) which *reasonably pertain* to each claim in such detail that *pertinent events* and the dates of the events can be reconstructed and the licensee's actions pertaining to the claim can be determined." (emphasis added).  "To assist in such examination all insurers shall: (1) maintain claim data that *are accessible, legible and retrievable*" and this data "*must be available* . . .  for the current year and the *four preceding years*."  *Id.* (emphasis added).

The regulation does not define what documents "reasonably pertain" to a claim, and no authority provides clear guidance on the issue.  Cases mentioning the regulation do so with little analysis.  *See, e.g.*, *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 533-34 (E.D. Cal. 2010) (noting the absence of authority construing Section 2695.3 in third party liability context and imposing sanctions for destruction of evidence); *Leung v. Unum Life Ins. Co. of Am.*, 2023 WL 4194441, at n. 4 (S.D. Cal. June 23, 2023) (briefly discussing § 2695.3 and noting the importance of claim files as evidence).  Additionally, unlike other regulations, § 2695.3 does not expressly permit destruction of records pursuant to court order.  *See Chavez-Deremer v. Coway USA, Inc.*, 2025 WL 3704376, at *6

---

[5] Nothing in this Protective Order disallows State Farm from: . . . *(d) retaining information necessary to meet mandated retention requirements; or (e) retaining copies of Confidential Materials that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course, provided that, should a copy of the Confidential Materials be accessed, it will be used for a purpose consistent with this Order.*

(C.D. Cal. Dec. 22, 2025) (finding no conflict with recordkeeping obligations based on express exemption allowing for destruction where "required by court order").

Given this ambiguity, State Farm cannot defer to another party's interpretation of its recordkeeping obligations, nor can it prospectively determine which documents produced in this litigation will ultimately fall within the scope of the claim file. The protective order should therefore expressly permit State Farm to retain information necessary to satisfy its mandatory retention duties, without risk of inadvertent non-compliance the protective order's destruction requirements.

Plaintiffs' counsel have previously stipulated to substantially similar language in numerous matters. *See, e.g.*, *Monego v. State Farm General Ins. Co.*, USDC N.D. Cal. Case No. 3:23-cv-01702-JD, Dkt. Nos. 37 & 38 (entered Feb. 16, 2024); *Carolyn Dixon v. State Farm General Ins. Co.*, San Mateo Sup. Ct. Case No. 24-CIV-02224 (entered April 11, 2024); *Docherty, Lori, et al. v. State Farm General Ins. Co.*, USDC N.D. Cal. Case No. 4:20-cv-03493-PJH, Dkt. 26 (entered Feb. 24, 2021); *Guerra, Sandra v. State Farm General Ins. Co.*, USDC E.D. Cal. Case No. Case No. 1:19-CV-01042-AWI-BAM, Dkt. No. 15 (entered July 20, 2020); *Varela, Ashlee v. SF General, et al.*, USDC E.D. Cal. Case No. 1:19-cv-00617-DAD-EPG, Dkt. No. 24 (entered July 16, 2020).

## V. CONCLUSION

State Farm respectfully requests that the Court grant this motion.

Dated: June 18, 2026                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                        By    _____
                                                    */s/ Jennifer M. Hoffman*
                                              JENNIFER M. HOFFMAN
                                              Attorneys for Defendant
                                              STATE FARM GENERAL INSURANCE
                                              COMPANY

SMRH:4923-2193-3490.7
STATE FARM'S MOTION FOR ENHANCED PROTECTIVE ORDER PROVISIONS