SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal Bar No. 240600
jhoffman@sheppard.com
MADALYN A. MACARR, Cal Bar No. 301539
mmacarr@sheppard.com
CAROLYN CAREY, Cal Bar No. 356506
ccarey@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIAM DANIELS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:26-cv-00452-CAS (MBKx)<br><br>District Judge: *Hon. Christina A. Snyder*<br>Mag. Judge: *Hon. Michael B. Kaufman*<br><br>**DECLARATION OF JENNIFER HOFFMAN IN SUPPORT OF DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S MOTION FOR ENHANCED PROTECTIVE ORDER PROVISIONS**<br><br>[*Notice of Motion and Motion and [Proposed] Order filed concurrently herewith*]<br><br>**Hearing Before Hon. Michael B. Kaufman**<br><br>Date: July 8, 2026<br>Time: 10:00 a.m. |

# DECLARATION OF JENNIFER M. HOFFMAN

I, Jennifer M. Hoffman, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendant State Farm General Insurance Company ("State Farm"). I have personal knowledge of all facts stated herein, unless otherwise indicated, and if called as a witness, could and would competently testify as to their truth.

2. On May 4, 2026, counsel for the parties met and conferred pursuant to L.R. 37-1 regarding the entry of a stipulated protective order. The Parties were unable to reach agreement, and accordingly requested a pre-motion conference, which the Court scheduled for May 19, 2026.

3. Following the pre-motion conference, and pursuant to the Court's May 19, 2026 Order, (ECF 29), the Parties further conferred on May 26, 2026 and submitted a provisional protective order, which the Court entered on June 3, 2026 (ECF 31).

4. The Parties further stipulated to submit briefing on the remaining disputed terms regarding: (i) the use of confidential information and (ii) document retention requirements. (ECF 30). The disputed language as reflected in that stipulation, is set forth below for the Court's convenience.

a. In Section 7.1, the bolded language below:

> 7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action **solely and exclusively** for prosecuting, defending, or attempting to settle this Action. **Use of Protected Material includes: (1) referencing the existence or contents of Protected Material, including the titles of documents produced pursuant to this Protective Order, or Bates ranges of documents produced pursuant to**

**this Protective Order; (2) the scanning, storing, searching or manipulation of Protected Material; and (3) the sharing of Protected Material with artificial intelligence.** …

b. In Section 13, the language italicized below:

**13. <u>FINAL DISPOSITION</u>**

…

Nothing in this Protective Order disallows State Farm from: (a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law; (b) adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system; (c) disclosing evidence of a crime or fraud; *(d) retaining information necessary to meet mandated retention requirements; or (e) retaining copies of Confidential Materials that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course, provided that, should a copy of the Confidential Materials be accessed, it will be used for a purpose consistent with this Order.*

c. In Exhibit A, the bolded language below:

...

I, ____________________ [print or type full name], of ______________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Myles, et. al. v. State Farm General Insurance Company et. al.*, Case No. 2:26-cv-00452-CAS (MBKx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. **I further acknowledge and agree to use any Protected Material that I receive in connection with this Action solely and exclusively for purposes of this Action.**

5. Plaintiffs' counsel in this matter also served as counsel for the plaintiff in the matter *Pachall v. State Farm*, San Diego Superior Court Case No. 37-2022-00044176-CU-IC-CTL.

6. Attached as **Exhibit A** are true and correct copies of excerpts from the Declaration of Dylan Schaffer, submitted in Support of Plaintiff's Opposition to State Farm's Motion for Enforcement in *Pachall* on May 12, 2025.

7. Attached as **Exhibit B** is a true and correct copy of the Court's Order in *Pachall*, dated May 30, 2025.

8. Attached as **Exhibit C** is a true and correct copy of the Verification of Dylan Schaffer submitted pursuant to Court's Order in *Pachall* dated May 30, 2025.

9. Attached as **Exhibit D** is a true and correct copy of the Protective Order entered in *Pachall*.

10. On April 22, 2026 and April 28, 2026, Plaintiffs served a total of 96 requests for production on State Farm in this matter.

11. I reviewed documents that Plaintiffs referenced in the following requests for production. To my knowledge, State Farm designated those documents confidential and produced them subject to a protective order in those matters.

12. Request No. 36 seeks: "All DOCUMENTS containing and/or sufficient to describe YOUR '[confidential]' as referenced at Bates STICJ1980. (All such identified Bates ranges are from documents produced in the matter, *James Stickney,*

*et al. v. State Farm General Insurance Company et al.*; Superior Court of California, County of Orange, Case No.: 30-2021-01231896-CU-IC-CXC. Further references to Bates starting with STICJ refer to the Stickney matter.)"

13. Request No. 37 seeks: "All DOCUMENTS containing and/or sufficient to describe YOUR water forum review, reference Bates STICJ1951, INLUDING [sic] all DOCUMENTS YOU agreed to produce in YOUR Response to Request for Production 79, p.19:13-16, in the matter, *Savas v. State Farm General Insurance Company*, Los Angeles Superior Court, No. 21STCV0286, in which YOU stated 'State Farm will produce DOCUMENTS representative of its efforts to promote quality claim handling on water loss claims in California during the relevant time frame, including DOCUMENTS referencing the term 'Water Forum,' subject to the protective order that has been entered in this matter.'"

14. Request No. 38 seeks: "All DOCUMENTS used in any presentation, or distributed to any participants before, during or after, YOUR [confidential] as set forth on Bates STICJ1951."

15. Request No. 39 seeks: "All DOCUMENTS reflecting the contents of YOUR [confidential] as set forth on Bates STICJ1951."

16. Request No. 43 seeks: "All DOCUMENTS provided to YOU [confidential] referred to at Bates STICJ1951, relating to YOUR INVESTIGATION and/or ADJUSTING of WATER LOSSES."

17. On June 11, 2026, Plaintiffs' counsel emailed my office requesting to confer on their discovery requests. In their email, they attached a "document list" that purportedly "contain[ed] a list of items responsive to [their] requests that have not been produced." To my knowledge, the document list compiles titles and bates ranges of documents from State Farm's confidential productions in nine other matters, including *Mojica v. State Farm General Insurance Company*, Southern District of California, Case No. 3:22-cv-1997-L-DDL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of June, 2026, at Los Angeles, California.



Jennifer M. Hoffman

# EXHIBIT A

Eric D. Townsend (SBN 270279)
**LAW EAGLES, PC**
5638 Lake Murray Blvd, Suite 381
La Mesa, CA 91942
Telephone: (858) 634-0099
Facsimile: (877) 645-4971

Dylan Schaffer
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
Telephone: (510) 379-5801

Attorneys for Plaintiff
BONITA PACHALL

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE**

| | |
|---|---|
| BONITA PACHALL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation authorized to do business in California; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2022-00044176-CU-IC-CTL<br><br>*[Assigned for All Purposes to the Hon. Marcella McLaughlin, Dept. C-72]*<br><br>**DECLARATION OF DYLAN SCHAFFER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENFORCEMENT**<br><br>[Filed Concurrently with Opposition and Memorandum of Points and Authorities; Declaration of Jacob B. Pyle; and Declaration of Eric D. Townsend]<br><br>[IMAGED FILE]<br><br>**DATE: May 23, 2025**<br>**TIME: 9:30 a.m.**<br>**DEPT.: C-72**<br><br>Action Filed: November 2, 2022<br>**Trial Date: October 24, 2025** |

///

///

///

I, Dylan Schaffer, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in California and before this Court. If called to testify I would do so under penalty of perjury as follows:

2. My firm and I are co-counsel for Plaintiff in this matter.

3. My firm focuses on the representation of property insurance policy holder in disputes with their carriers.

4. My firm has represented many State Farm General Insurance (State Farm) policyholders over the past 10 years.

5. I graduated magna cum laude from what was is now known as UC College of the Law, San Francisco in 1990. Thereafter I served as law clerk to Ninth Circuit Judge Hon. Melvin Brunetti. I was a teaching fellow at Stanford Law School and since 1992 have practiced law in courts of this state and across the United States.

6. In thirty-six years of practice, in likely more than a thousand matters, I have never been found by any court to have violated a court order, even inadvertently.

7. In thirty-six years of practice, I have never been sanctioned by a court for any reason, including even as part of a litigated discovery motion.

8. The allegations against me by State Farm are baseless.

***Wise v. State Farm***

9. I was counsel in the matter of *Wise et al v. State Farm General Insurance Company*, 4:23-cv-00163-HSG, Northern District of California.

10. The case involved a water loss at my client's home in Solano County, California.

11. By way of requests for production of documents, my firm sought to obtain from State Farm training and guidelines materials relating to the investigation, adjusting, and denial of water loss claims in California.

12. Courts have long held that such guidelines and training are discoverable. *See Glenfeld Dev. Corp. v. Super. Ct.,* 53 Cal.App.4th 1113, 1116 (1997) [California court cites multiple state cases which have held that claims manuals are discoverable and admissible in insurance coverage disputes]; *Vandevert Constr. v. Allied World Specialty Ins. Co.,* No. C21-197,

*documents* identified by their precise names and placed into the public record with State Farm's full cooperation in the *Wise* Joint Discovery Letter.

51. In another example that contradicts its position here, State Farm has sat idle in the face of litigation in the California Court of Appeal which resulted in an opinion that not only states the full name of one Operation Guide State Farm marked "confidential" in this case, and all others I have litigated, but *quotes from the substance of the Operation Guide.* See *Fadeeff v. State Farm Gen. Ins. Co.*, 50 Cal.App.5th 94, 99, n.2 (2020). State Farm has done nothing in more than five years since *Fadeeff* was published to take steps to protect its alleged proprietary interests.

52. Finally, in State Farm's ex parte in the *Tong* matter, it expressly acknowledged what it has amply proven by its conduct: "disclosing the name of an individual confidential internal guideline or procedure document may not in and of itself constitute a violation of the Protective Order …." A true and correct copy of State Farm's memorandum is attached hereto as **Exhibit D.**

**<u>My Role in the *Pachall v. State Farm* Litigation/*Tong* Request for Production, Set Six</u>**

53. Along with Mr. Townsend and Mr. Pyle (collectively Mr. Townsend), I am among the state's leading experts on the issue of State Farm water loss denials as well as the issues set forth above relating to the contents of State Farm's guidelines and training, and the history of State Farm's discovery abuse as relates to guidelines and training materials.

54. I routinely consult with Mr. Townsend and many other lawyers in California on State Farm matters.

55. I reviewed Mr. Townsend's motion to compel production of documents in this case and provided comments. We likewise discussed the Court's order compelling production.

56. Due to ongoing violations by State Farm of this Court's order compelling production, and in light of my expertise, Mr. Townsend initially asked me to serve as a paid litigation consultant.

57. I accepted the assignment on December 3, 2024.

58. The same day, December 3, Mr. Townsend sent me the stipulated protective order in this case, as well as "Exhibit 1" to the protective order, which I executed on December 3, 2024,

pursuant to the terms of the protective order. (State Farm Notice of Lodgment of Exhibits (Notice of Lodgment), Exhibit 4.)

59. I did not receive or review any produced *Pachall* documents until after I signed Exhibit 1 which made me formally subject to the terms of the order.

60. On December 6, 2024, I served Requests for Production, Set Six, in the *Tong* matter. State Farm has omitted those requests from its motion.

61. On December 12, 2024, I was retained and associated as counsel in this case.

62. On December 23, 2024, Mr. Purviance, counsel for State Farm here, wrote to assert that documents subject to the protective order in this case had been improperly shared with me. (Notice of Lodgment, Exhibit 3.)

63. In response, on behalf of all counsel, I rejected the assertion and provided a signed copy of Exhibit 1 to the protective order which, on December 3, 2024, made me subject to the protective order. I informed counsel that there had been no violation of the protective order by the release of confidential materials to anyone not subject to the order. (Notice of Lodgment, Exhibit 4.)

64. State Farm's lawyer also argued that my document requests in *Tong,* Set Six, violate the protective order in this case. (Notice of Lodgment, Exhibit 3).

65. In that letter, Mr. Purviance relied on two requests from *Tong,* Set Six, both of which had already been listed, with State Farm's full participation, in Exhibit C to the *Wise* Joint Discovery Letter, which is Exhibit B to this Declaration.

66. In that letter, Mr. Purviance also sought to conduct what amounts to informal discovery relating to his accusations, demanding that I and my co-counsel respond to questions regarding my source or sources for the *Tong* requests, among others. (Notice of Lodgment, Exhibit 3).

67. In response, I indicated that the inquiry was improper, not least because the questions seek privileged work product. Likewise, I indicated that Mr. Purviance had referred to no statute, case or rule that would require me or my co-counsel to respond to such inquiries. (Notice of Lodgment, Exhibit 4).

76. Jacob Pyle, my co-counsel, spent six hours relating to this opposition; his billing rate is $550/hour. *See* Pyle Declaration in Support of Opposition to Enforcement Motion, ¶10.

77. On behalf of all counsel in this matter, I request an award of fees against State Farm and its counsel, Hughes & Nunn LLP, in the amount of $19,700.

Executed this 7th day of May, 2025, at Oakland, California.

Dylan Schaffer
Co-Counsel for Plaintiff

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 05/30/2025 TIME: 2:00 PM DEPT: C-72

JUDICIAL OFFICER: MARCELLA O. MCLAUGHLIN
CLERK: Valerie Secaur
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: N/A

CASE NO: **37-2022-00044176-CU-IC-CTL** CASE INIT.DATE: 11/02/2022
CASE TITLE: **Pachall vs State Farm General Insurance Company [IMAGED]**
CASE CATEGORY: Civil CASE TYPE: (U)Insurance Coverage

---

**HEARING TYPE**: Ex Parte
MOVING PARTY:

---

**RULING ON MOTION TO SEAL, MOTION FOR PROTECTIVE ORDER, AND MOTION TO COMPEL COMPLIANCE TAKEN UNDER SUBMISSION**

The Court having taken this matter under submission on 5/23/2025, now rules as follows:

**A.** Defendant's motion to seal exhibits to plaintiff's motion to compel further responses to requests for production of documents (set two) is DENIED without prejudice.

The documents sought to be sealed were not lodged in connection with plaintiff's motion to compel further responses to requests for production of documents (set two). *Compare* ROA 76 *with* ROA 133. To the extent defendant seeks to seal documents related to plaintiff's motion to compel compliance with the court's October 11, 2024 (*see* ROA 132), no such documents were lodged with the court. Accordingly, there is nothing for the court to seal at this time.

At the hearing, defense counsel disputed the court's representation regarding the missing lodged documents. However, after the hearing, counsel acknowledged that the documents had not been lodged and stated that defendant would submit on the tentative ruling with respect to the motion to seal.

**B.** Defendant's motion to enforce protective order is DENIED.

The court is not persuaded that Mr. Schaffer violated the protective order by listing the Bates numbers for certain confidential documents. Moreover, although it appears that plaintiff's counsel failed to comply with paragraph 8 of the protective order after Mr. Schaffer received the confidential information, the court finds that circumstances make the imposition of sanctions unjust. *See* Code Civ. Proc. § 2023.030(a); *see also Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 75 ("In general, discovery sanctions may not be imposed as a punishment."). The court, however, orders plaintiff's counsel to provide a signed verification setting forth the following information by June 13, 2025:

- Every disclosure of the confidential information produced in this case pursuant to the protective order, by date, recipient, contact information, and identification of the specific materials disclosed; and

- Every use of the confidential information in matters other than the present case.

Plaintiff's request for sanctions pursuant to Code of Civil Procedure section 128.5 is denied. As noted above, the evidence shows that an executed copy of Exhibit 1 to the protective order was not sent to defense counsel within thirteen days of Mr. Schaffer's receipt of the confidential information. (*See* NOL. Ex. 4; *see also* Schaffer Decl., ¶¶ 57-59.)

Judicial notice is taken as requested (ROA 148). Evid. Code § 452(d).

**C.** Plaintiff's motion to compel defendant to comply with the court's order dated October 11, 2024 is GRANTED in part and DENIED in part.

The motion is granted with respect to performance reviews. In ordering defendant to provide further responses to RFPs 13-21, the court specifically found that "[t]he manner in which these specific employees were trained and incentivized is relevant to Plaintiff's claims[.]" ROA 123. Bonuses are clearly a form of incentive compensation, but defendant has failed to produce records of bonuses paid to its claims personnel who handled plaintiff's claim or the criteria upon which the bonuses were paid. Defendant is therefore to turn over all responsive documents regarding such bonuses by June 13, 2025.

The motion is denied with respect to the privilege log. Defendant states that it is not withholding any documents on the basis of privilege. (*See* Purviance Decl., ¶ 18.) The court declines to order defendant to remove its privilege objections as plaintiff did not move for such an order or file a separate statement.

The motion is denied as moot as to the interactive training materials as those materials have been produced. (Purviance Decl., ¶ 36.)

The motion is otherwise denied as the court is unable to conclude that defendant failed to comply with the court's order. Nevertheless, the purpose of civil discovery is to take the "game element" out of trial preparation by assisting the parties in obtaining the facts and evidence necessary to expeditious resolution of their dispute. *Davies v. Superior Court* (1984) 36 Cal.3d 291, 299. Accordingly, to the extent that defendant is withholding any responsive emails (RFP 1), training materials (RFPs 2-9), water initiative records (RFPs 38-40), or operation guidelines, such evidence must be turned over to plaintiff's counsel, along with a signed verification, by June 13, 2025. If defendant maintains that it has produced all responsive documents and materials in its possession, custody, or control, it must provide a signed verification to that effect to plaintiff's counsel by June 13, 2025.

Plaintiff may seek to exclude any evidence not produced as ordered via motion *in limine*.

Plaintiff's request for monetary sanctions is granted in the reduced amount of $5,560 (10 hours at $550 per hour plus the $60 filing fee). Code Civ. Proc. § 2031.310(i). The sanctions must be paid by defendant State Farm to plaintiff Bonita Pachall by June 13, 2025.

**IT IS SO ORDERED.**

Marcella O. McLaughlin

Judge Marcella O. McLaughlin

# EXHIBIT C

Eric D Townsend (SBN 270279)
Jacob B. Pyle, Esq. (SBN 273042)
**LAW EAGLES, P.C.**
5638 Lake Murray Blvd, Suite 381
La Mesa, CA 91942
Telephone: (858) 634-0099
Facsimile: (877) 645-4971

Attorney for Plaintiff,
Bonita Pachall

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE - UNLIMITED**

| | |
|---|---|
| BONITA PACHALL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation authorized to do business in California; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 37-2022-00044176-CU-IC-CTL<br><br>[Assigned for All Purposes to the Hon. Marcella O McLaughlin, Dept. C-72]<br><br>**VERIFICATION OF DYLAN SCHAFFER PURSUANT TO COURT'S MINUTE ORDER DATED MAY 30, 2025**<br><br>[IMAGED FILE]<br><br>Complaint filed: November 2, 2022<br>Trial Date: January 9, 2026 |

I, Dylan Schaffer, declare as follows:

1. I am lawyer licensed to practice in California and counsel in this case.

2. Pursuant to the Court's order of May 30, 2025, I make the following verifications.

3. I have never disclosed any of the confidential information produced in this case to anyone.

4. I have never used any confidential information produced in this case in any other matter.

5. Although the Court has found the conduct set forth below does *not* constitute a "use" of confidential material produced in this case, and therefore I have no obligation to reveal it here pursuant to the terms of the Court's order, I relate the following additional circumstances already known to State Farm and its counsel in an abundance of caution.

6. I relied on the existence of confidential information produced in this case to make

discovery requests in two matters: *Tong v. State Farm General Insurance Corporation,* Case No. 2:24−cv−02219−DSF−MAR, Central District of California, and *Dixon v. State Farm General Insurance Company,* San Mateo Superior Court, No. 24-CIV-02224. In those requests I cited titles and Bates numbers of documents produced here. But in doing so I neither used or revealed confidential information produced in this case nor shared confidential information produced in this case in violation of the protective order in this case, no shared any confidential information produced in this case with any person not a party to the protective order in this case as the discovery requests were sent to State Farm, which is a party to the protective order here.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct as executed the 12th day of June, 2025, at Oakland, California.

Dylan Schaffer

# EXHIBIT D

HUGHES & NUNN LLP
Randall M. Nunn (SBN 109762)
E. Kenneth Purviance (SBN 126206)
350 Tenth Avenue, Suite 1000
San Diego, CA 92101
Telephone (619) 231-1661
Facsimile (619) 236-9271

Attorneys for Defendant State Farm
General Insurance Company

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/19/2023 at 09:43:00 AM
Clerk of the Superior Court
By Mariejo Guyot,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

BONITA PACHALL, an individual,

Plaintiff,

v.

STATE FARM GENRAL INSURANCE COMPANY, an Illinois Corporation authorized to do business in California; and DOES 1 through 100, inclusive,

Defendants.

Case No. 37-2022-00044176-CU-IC-CTL

**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| Dept.: | C-72 |
| Judge: | Hon. Timothy Taylor |
| T/D: | March 22, 2024 |
| Complaint Filed: | November 2, 2022 |

Subject to the approval of this Court, Plaintiff Bonita Pachall and Defendant State Farm General Insurance Company (“State Farm”) (collectively referred to herein as “Parties”), by and through their respective attorneys of record in this litigation, who have authority to enter into this stipulation on behalf of their clients, stipulate to the following protective order regarding non-disclosure of documents produced by any party to this litigation which concern confidential and/or proprietary information.

**STIPULATED PROTECTIVE ORDER**

The Court finds as follows:

A. That the Parties possess certain documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B. That a Protective Order should be entered in this matter that will properly balance the discovery rights of the Parties to this litigation with the Parties' rights to protect their confidential, proprietary, or trade secret information, and it is therefore:

**ORDERED, ADJUDGED AND DECREED:**

1. All production and disclosure of "Confidential Information and/or Trade Secret Information," as defined in Paragraph 2 below, during this litigation shall be governed by this Order. All materials provided by the Parties pursuant to this Stipulated Protective Order that are designated Confidential Information and/or Trade Secret Information shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever. Individuals authorized to review Confidential Information and/or Trade Secret Information pursuant to this Protective Order shall hold Confidential Information and/or Trade Secret Information in confidence and shall not divulge the Confidential Information and/or Trade Secret Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by Court order.

2 "Confidential Information and/or Trade Secret Information" means any information that is designated as confidential and/or trade secret by the supplying party (the "Designating Party"), including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions, and information revealed in interrogatory answers.

3. All Confidential Information and/or Trade Secret Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi-page document (including deposition transcripts), and in a prominent location on the exterior of any tangible object, by overlaying language substantially similar to "PRODUCED SUBJECT TO A CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER IN *PACHALL v. STATE FARM GENERAL INSURANCE COMPANY, et al*." on the text of the Confidential Information and/or Trade Secret Information and/or as a footer to the document.

4. Any party objecting to the designation of any information as Confidential Information and/or Trade Secret Information following receipt of information so designated and produced after this Stipulated Protective Order is signed and entered by the Court, shall clearly state the basis for the objection in a letter to counsel for the Designating Party. Such letter must be received by counsel for the Designating Party no later than one hundred twenty (120) days after the objecting party received the Confidential Information and/or Trade Secret Information to which it objects. If the Parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order. The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation.

5. The terms of this Protective Order may be modified only by written agreement of counsel for all Parties or by further order of the Court.

6. Subject to the provisions of Paragraphs 7, 8, 9 and 10 below, Confidential Information and/or Trade Secret Information may be disclosed only for purposes of the *Pachall v. State Farm General Insurance Company, et al.* litigation and only to the following persons:

a. The parties and attorneys for parties in this litigation who have executed this Stipulated Protective Order or are otherwise subject to this Stipulated Protective Order by virtue of having signed Exhibit 1 hereto, and law clerks, paralegals, office clerks, and secretaries working under their supervision. “Attorneys,” for purposes of this subparagraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

b. Court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

c. Expert witnesses retained by such Attorneys, as defined above, for

consultation or for testimony in this litigation; and

d. Any witness who has prior knowledge of the Confidential Information and/or Trade Secret Information, which prior knowledge must include having previously seen the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated, but only to the extent of that person's prior knowledge of the Confidential Information and/or Trade Secret Information.

7. If, after execution of this Stipulated Protective Order, any Confidential Information and/or Trade Secret Information submitted by the Designating Party under the terms of this Stipulated Protective Order is disclosed by a non- designating party to any person other than in the manner authorized by this Stipulated Protective Order, the disclosing party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information and/or Trade Secret Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Nondisclosure Agreement" that is attached hereto as Exhibit 1.

8. Prior to the disclosure of any Confidential Information and/or Trade Secret Information to any person covered by Paragraph 6 c. and d. above, except in the setting of a deposition, counsel for the party that has received such Confidential Information and/or Trade Secret Information shall first provide such person with a copy of this Order, shall explain its terms to such person, and shall require such person to execute the agreement attached as Exhibit 1 to this Order. Counsel for the party that has made Confidential Information and/or Trade Secret Information available to persons covered by Paragraph 6 c. and d. above is required to send a copy of the executed Exhibit 1 to counsel for the Designating Party within thirteen (13) days of such third person's receipt of Confidential Information and/or Trade Secret Information. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or

threatened breach.

9. The disclosure of any Confidential Information and/or Trade Secret Information in the deposition of any witness may only be made in accordance with the following:

a. Prior to the use of any Confidential Information and/or Trade Secret Information in the deposition of any witness, pursuant to Paragraph 6 d. above, counsel for the party that has received such Confidential Information and/or Trade Secret Information shall first establish a foundation for the witness's prior knowledge of the Confidential Information and/or Trade Secret Information, which must include having previously seen the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated. If such a foundation cannot be established, then counsel may not show to the witness the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated, and may not otherwise disclose the contents of such document(s) to the witness.

b. Prior to the use of any Confidential Information and/or Trade Secret Information in the deposition of any witness pursuant to Paragraphs 6 c. and d., subject to Paragraph 9a, counsel for the party that has received such Confidential Information and/or Trade Secret Information shall first provide each person in attendance at the deposition, with the exception of court reporter(s), the Designating Party and its attorneys, with a copy of this Order, and shall require such persons to execute the agreement attached as Exhibit 1 to this Order. If any document(s) designated as Confidential Information and/or Trade Secret Information is marked as a deposition exhibit and if testimony concerning Confidential Information and/or Trade Secret Information is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the

deposition. If such a request is made, such portion of the transcript shall be so treated and may only be filed under seal, if it is filed in the record, in compliance with California Rules of Court, Rule 2.551, *et seq*.

10. If any documents designated as Confidential Information and/or Trade Secret Information is marked as a deposition exhibit and if testimony concerning Confidential Information and/or Trade Secret Information is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition. If such a request is made, such portion of the transcript, and any deposition exhibits, shall be so treated and may only be filed under seal, if it is filed in the record, in compliance with California Rules of Court, Rule 2.551, *et seq*.

11. If any document(s) designated as Confidential Information and/or Trade Secret Information is marked as an exhibit to the deposition of a witness as described in Paragraphs 6 d. and 9, above, the original transcript shall only be made available to the witness for reading, correcting, and signing at either the office(s) of the court reporter who transcribed the deposition or at the office(s) of any attorney who is a signatory to this Stipulated Protective Order.

12. If any document(s) designated as containing Confidential Information and/or Trade Secret Information is marked as a deposition exhibit pursuant to Paragraphs 6 d. and 9, above, and/or if any portion of the transcript is designated by counsel for the Designating Party to be treated as Confidential Information and/or Trade Secret Information, copies of the confidential portions of the deposition transcript may be disseminated to counsel for parties to this litigation only if said counsel has been provided a copy of this Order and has executed the agreement attached as Exhibit 1 to this Order. Counsel for parties may not disseminate to their respective clients copies of any portions of deposition transcript(s), including exhibits, which have been designated as Confidential Information and/or Trade Secret Information.

13. Any document(s) designated as Confidential Information and/or Trade Secret Information may be filed in the Court's record in connection with a motion, or otherwise, only under seal. Documents designated as Confidential Information and/or Trade Secret Information shall be

filed under seal in the Court's record only if an appropriate order is first entered in accordance with California Rules of Court, Rule 2.551, *et seq*.

14. If testimony concerning Confidential Information and/or Trade Secret Information is elicited at a hearing or trial, counsel for the Designating Party may request that a designated portion of the transcript be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the hearing, or trial. If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record, in accordance with California Rules of Court, Rule 2.551, *et seq*.

15. All notes, thoughts, impressions and conclusions arising from the viewing of the documents designated as Confidential Information and/or Trade Secret Information, shall not be disseminated or communicated in any manner to any person who is not subject to this Order, even where said parties' attorney(s) may be subject to this Order.

16. The provisions of this Order with respect to Confidential Information and/or Trade Secret Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to release it; ( c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or ( d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

17. This Order shall bind all persons and parties to this litigation, who are subject to this Order, until all documents, electronic media, or other tangible materials containing Confidential Information and/or Trade Secret Information have been returned to State Farm, or all persons who have received Confidential Information and/or Trade Secret Information have certified the destruction of such information, as detailed herein. Within thirty (30) days after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, or otherwise, the Parties to this litigation, their counsel, and all other persons who received State Farm's Confidential Information and/or Trade Secret Information during the

course of this litigation in accordance with this Order, shall return to State Farm all copies of such Confidential Information and/or Trade Secret Information provided to them during the course of this litigation and shall certify in writing that all such documents have been returned; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed. Upon the written request of State Farm, the receiving party shall certify in writing that said material has been destroyed within the thirty (30) day period.

18. The Court shall retain jurisdiction after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, to resolve any dispute concerning the use of information disclosed pursuant to this Order and/or to enforce the provisions of Paragraph 17.

19. The inadvertent or unintentional disclosure of Confidential Information and/or Trade Secret Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the Designating Party informs the opposing party of its claim within a reasonable time after learning of the disclosure. The party that received the inadvertently produced Confidential Information and/or Trade Secret Information shall promptly destroy the inadvertently produced Confidential Information and/or Trade Secret Information and all copies thereof, or, at the expense of the Designating Party, shall return such together with all copies of such Confidential Information and/or Trade Secret Information to counsel for the Designating Party and shall retain only the materials not designated Confidential Information and/or Trade Secret Information.

20. If any person subject to this Stipulated Protective Order who has custody of any Confidential Information and/or Trade Secret Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Information and/or Trade Secret Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its

own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information and/or Trade Secret Information, and/or seek to obtain confidential treatment of such Confidential Information and/or Trade Secret Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any documents, testimony or information relating to the Confidential Information and/or Trade Secret Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

21. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Information and/or Trade Secret Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

22. Final Disposition. Nothing in this Protective Order disallows State Farm from:

(a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law;

(b) adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system;

(c) disclosing evidence of a crime or fraud; retaining information necessary to meet mandated retention requirements; or,

(d) retaining copies of Protected Information that may exists on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course; provided that should a copy of the Confidential Information be accessed it will not be used for a purpose inconsistent with this Order.

/ / / / /

/ / / / /

22. This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of California, and is subject to CRC 2.550 et seq.

Dated: 7/21/23

JUDGE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**APPROVED AS TO FORM AND CONTENT AND SO STIPULATED:**

Dated: July 12th , 2023

By: ______________________
Eric D. Townsend

Attorney for Plaintiff Bonita Pachall

Dated: July 19 , 2023

By: ______________________
Randall M. Nunn
E. Kenneth Purviance

Attorneys for Defendant State Farm General Insurance Company

**Exhibit 1**

**NONDISCLOSURE AGREEMENT**

I, ______________________________ (PRINT NAME), do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Pachall v. State Farm General Insurance Company, et al.,* Superior Court of California, County of San Diego, Case No. 37-2022-00044176-CU-IC-CTL, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I understand that Confidential Information and/or Trade Secret Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by this Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information and/or Trade Secret Information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Information and/or Trade Secret Information provided to me in the proceeding in a secure manner, and that all copies of such Confidential Information and/or Trade Secret Information are to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Confidential Information and/or Trade Secret Information will be returned to counsel who provided me with such Confidential Information and/or Trade Secret Information.

I consent to the jurisdiction of this Court for purposes of enforcing this Order.

Executed this _______day of _________, 20___, at ___________________, California.

Dated: __________________

By: ______________________________

Signature: ______________________________

Title: ______________________________

Address: ______________________________

City, State, Zip__________________

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Pachall v. State Farm General Insurance Company, et al. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>Randall M. Nunn (SB #109762)<br>E. Kenneth Purviance (SB #126206)<br>**HUGHES & NUNN LLP**<br>350 Tenth Avenue, Suite 1000<br>San Diego, CA 92101<br><br>ATTORNEY FOR (NAME): Defendant State Farm General Insurance Company | TELEPHONE NO.:<br>Tel: (619) 231-1661<br>Fax: (619) 236-9271 | |
| ATTORNEYS FOR:<br>Defendant State Farm | HEARING DATE – TIME | CASE NUMBER:<br>37-2022-00044176-CU-IC-CTL |

**PROOF OF SERVICE**

I am a resident of the state of California over the age of eighteen years, and not a party to the within action. My business address is Hughes & Nunn LLP, 350 Tenth Avenue, Suite 1000, San Diego, California 92101. On July 19, 2023, I served the within documents:

**STIPULATED PROTECTIVE ORDER**

☒ by transmitting via electronic mail the document(s) listed above to the e-mail address set forth below on this date before 5:00 p.m.

Eric D. Townsend
LAW EAGLES, PC
5638 Lake Murray Blvd., Suite 381
La Mesa, CA 91942
Email: eric@laweagles.com
Telephone: (858) 634-0099
Facsimile: (877) 645-4971

**Attorney for Plaintiff Bonita Pachall**

Executed on July 19, 2023, at San Diego, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

Jenna Schamber

Jenna Schamber

101.840/POS-071923.doc