**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| KATHY MYLES, an individual, <br><br> and <br><br> WILLIE DANIELS, an individual, <br><br>            Plaintiffs, <br><br>       v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, <br><br>           Defendant. | Case No. 2:26-cv-00452-CAS-MBK <br><br> ORDER GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR ENHANCED PROTECTIVE ORDER PROVISIONS (DKT. 32) |

The Parties have agreed in large part on a protective order to govern this action, but dispute whether several additional provisions are warranted. In the motion pending before the Court, Defendant State Farm General Insurance Company requests that the Court order: (1) modifications to the definition of "use" of protected material to prevent to

prevent Plaintiffs' counsel from using certain information outside of this lawsuit; and (2) permit State Farm to retain protected material to comply with certain regulatory obligations under the California Insurance Code.

The Court finds the matter suitable for decision without oral argument. For the reasons that follow, the Court **DENIES** State Farm's proposed modifications to the "use" definition and **GRANTS** State Farm's proposed modifications to the retention provisions.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Willie Daniels and Kathy Myles own a home in Gardena, California that suffered significant damage from the failure of water supply line in their kitchen in October 2025. Dkt. 18 at 3. In this action, Plaintiffs claim that State Farm wrongfully denied their claim under their homeowners insurance policy seeking to recover the costs from the damage to their home. *Id*. at 3-8.

The present motion concerns the protective order governing discovery in this case. The Court maintains a model protective order on its website. *See* https://apps.cacd.uscourts.gov/Jps/honorable-michael-b-kaufman. On May 19, 2026, the parties appeared for an informal discovery conference ("IDC") to discuss the parties' disputes regarding several modifications to the Court's model protective order. Dkt. 29. The parties reached agreements on several issues at the IDC and agreed to meet and confer further on their remaining disputes. *Id*. The parties agreed that, in the event they were unable to resolve any issues, they would file a provisional protective order that contained all the contested provisions, which the parties would abide by until the Court resolved their disputes. *Id*. On May 29, 2026, the parties submitted a stipulated provisional protective order

and joint stipulation for a briefing schedule on the contested provisions, which the Court subsequently approved. Dkt. 30, 31.

On June 18, 2026, State Farm filed its Motion for Enhanced Protective Order Provisions. Dkt. 32. The following day, on June 19, 2026, Plaintiffs filed their opposition. Dkt. 33.

## II.    LEGAL STANDARD

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). However, Federal Rule of Civil Procedure 26(c) authorizes courts to enter protective orders for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including requiring that trade secrets or other confidential commercial information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(G). Under Rule 26, district courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"[T]he party seeking protection bears the burden of showing specific harm and prejudice that will result if the modification is not granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Id.* at 1211 (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.*

## III.    DISCUSSION

State Farm proposes two sets of modifications to the Court's model protective order. First, it requests the Court modify the term "use" as utilized in Section 7.1 to prevent Plaintiffs' counsel from utilizing certain information disclosed in discovery outside this case. Second, it requests that the Court permit State Farm to retain protected material beyond the period otherwise permitted by the protective order to comply with its asserted retention obligations under the California Insurance Code. The Court addresses each set of modifications in turn.

**A. The Proposed "Use" Modification to Section 7.1**

Section 7.1 of the Court's model protective order provides in relevant part: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action." State Farm proposes that the provision be modified as follows: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action **solely and exclusively** for prosecuting, defending, or attempting to settle this Action. **Use of Protected Material includes: (1) referencing the existence or contents of Protected Material, including the titles of documents produced pursuant to this Protective Order, or Bates ranges of documents produced pursuant to this Protective Order; (2) the scanning, storing, searching or manipulation of Protected Material; and (3) the sharing of Protected Material with artificial intelligence.**" Dkt. 32-1 at 2-3 (modifications in bold). State Farm also seeks corresponding language in Exhibit A to the protective order, which would require signatories to acknowledge that they will use protected

4

material "solely and exclusively" for purposes of this action.

### 1. Use of Protected Discovery in Future Litigation

The parties' briefing principally focuses on the first category of information that State Farm seeks to include within the definition of "use" of protected material—"referencing the existence or contents of Protected Material, including the titles of documents produced pursuant to this Protective Order, or Bates ranges of documents." Dkt. 32-1 at 2-3. State Farm argues this modification is necessary because the existing model order language is ambiguous and because it claims Plaintiffs' counsel has a documented history of using confidential material from prior cases against State Farm to advance new litigation. Dkt. 32 at 10-13. *Id.* Specifically, State Farm claims that "Plaintiffs' counsel has quoted from the contents of confidential documents, referenced the substance of an entire production as responsive to a discovery request, and leveraged the contents of specific Bates-stamped materials to define the scope of discovery sought here." *Id.* at 11-12. Absent the proposed modifications, State Farm argues that Plaintiffs' counsel will be able to improperly "mine" "State Farm's confidential productions as 'source material' for this action and potentially other actions years after those productions were made." *Id.* at 12 (quoting *In re eBay Seller Antitrust Litig.*, 2010 WL 2106004, at *1–2 (N.D. Cal. May 25, 2010)).

Plaintiffs oppose this proposed modification. Plaintiffs argue that referencing Bates numbers and document titles involves only knowledge of a document's existence, not its confidential substance, and case law establishes this conduct is not prohibited use under a protective order. Dkt. 33 at 5. Plaintiffs further argue that if State Farm's proposed language were adopted, it would effectively prevent counsel from zealously

representing future clients against State Farm by requiring attorneys to ignore knowledge gained through years of litigation experience. *Id.*

The Court largely agrees with Plaintiffs that State Farm has not shown good cause to restrict counsel's ability to reference protected discovery in future litigation. Although neither party cites a federal case in which a litigant sought a protective order to *preemptively* prevent opposing counsel from using discovery in a later case, several decisions have considered whether to impose sanctions on a party who used discovery in this manner. These courts have rejected that such discovery violates the "use" restrictions of a protective order where the party did not disclose the content of any confidential document. *See Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 404 (S.D.N.Y. 2016) (holding that a protective order barring the "use" of discovery documents did not prohibit counsel from acknowledging the existence of documents to advocate for the production of these materials in a parallel case); *Milwaukee Elec. Tool Corp. v. Snap-on Inc.*, No. 14-cv-1296-JPS, 2016 WL 1719657, at *1, *4 (E.D. Wis. Mar. 16, 2016) (rejecting that a party had improperly "used" documents in violation of a protective order by seeking the same documents in an inter partes review proceeding). *See also Charter Oak Fire Ins. Co. v. Electrolux Home Prods.*, Inc., 287 F.R.D. 130, 134 (E.D.N.Y.2012) (granting motion to modify protective order to enable the plaintiffs' lawyers to share discovery with lawyers representing affiliated corporations in similar litigation against same manufacturer).[1]

---

[1] Similarly, several decisions have concluded that a party did not violate protective order by otherwise relying on confidential information in a separate lawsuit. *Crocs, Inc. v. Joybees, Inc.*, No. 1:21-cv-02859-GPG-SBP, 2023 WL 8851997, at *8 (D. Colo. Dec. 8, 2023) (holding that a "protective order does not deprive [a party] of the right to file a separate lawsuit merely because the supporting information bears a confidential designation."), *adopted*, No. 21-CV-02859-GPG-SBP, 2024 WL 5055671 (D. Colo. Jan. 25, 2024); *Static Media LLC v. Leader Accessories LLC*, 38 F.4th

Several California state court decisions—which involved State Farm and Plaintiffs' counsel—are in accord. In *Pachall v. State Farm*, 37-2022-00044176-CU-IC-CTL (Cal. Super. Ct. San Diego Cty. 2022), the San Diego Superior Court rejected that Plaintiffs' counsel "violated the protective order by listing the Bates numbers for certain confidential documents." Dkt. 33 at 29. Likewise, *Dixon v. State Farm*, Case No. 24-CIV-02224 (Cal. Super. Ct. San Mateo Cty. 2026), the San Mateo Superior Court denied State Farm's request to enter a protective order with nearly identical modifications that State Farm seeks here. Dkt. 33 at 38 (rejecting proposed provisions that seek "to prevent Plaintiffs' counsel from referencing the kinds, titles, and Bates numbers of documents that he knows to exist, from his experience in litigating against Defendant State Farm").

The courts to address this issue "have concluded that a party's use of its *knowledge* that documents exist does not necessarily constitute the *use* of those documents." *City of Fort Collins v. Open Int'l, LLC*, No. 21-CV-02063-CNS-MEH, 2022 WL 7582436, at *4 (D. Colo. Aug. 16, 2022) (emphasis in original); *Milwaukee Elec. Tool Corp.*, 2016 WL 1719657, at *4 (E.D. Wis. Mar. 16, 2016) (recognizing "a distinction between the use of knowledge regarding the existence of certain documents versus the use of confidential content within the documents"). This distinction makes sense. Under Rule 26(c), a court may only issue a protective order where the movant shows "specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11. A party cannot reasonably claim

1042, 1048 (Fed. Cir. 2022) (holding the use of confidential information to develop a joint strategy did not violate a protective order because "the use of information gained by an attorney under a protective order in one case may appropriately be used by the same attorney to develop a strategy applicable to a second action"); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 250 F.R.D. 426, 435 (D. Neb. 2008) (finding no violation of protective order because a "general reference to protected documents [in subsequent] proceedings [was] insufficient" when "counsel did not disclose any confidential information").

any prejudice or harm if an opposing party or counsel merely references protected discovery without revealing its contents. As the *Dixon* court recognized, "the purpose of a protective order is to prevent actions such as selling trade secrets to competing insurance companies, not to prevent counsel from using their experience gained in years of litigation from pursuing in discovery documents that Defendant State Farm has withheld." Dkt. 33 at 4. "That the bar comes to know of the kinds, titles, and Bates numbers of such documents and to use those in its practice to help plaintiffs gain access to discovery-responsive documents that Defendant State Farm should be producing is not a kind of 'competitive harm' against which a protective order is designed to protect." *Id.* at 5.

State Farm's proposed modification would also pose practical problems because counsel cannot realistically ignore their knowledge of relevant discovery in future litigation. The Ninth Circuit's decision in *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693 (9th Cir. 1993), is instructive. There, the Ninth Circuit reversed a contempt finding against a party who had used knowledge from one case to file a second lawsuit and serve discovery requests referencing prior discovery. The court refused to construe the "use" restrictions in the protective order from the first case to prohibit such conduct because it would produce "absurd" results:

> Because Go–Video's lawyers cannot achieve total amnesia and all their subsequent work in antitrust litigation against the defendants (and perhaps anyone else) would be informed by what they learned during discovery in the 1987 suit, the order would prohibit them from representing Go–Video at all in the 1990 litigation. Indeed, lawyers who learn from and use their experience obtained in discovery under such an order would have to change fields, and never do antitrust work again, lest they "use" what they learned in a prior case "in any way whatsoever" in any "other action." *Id.* at 695. "[L]awyers cannot achieve total amnesia" about what they learned in prior cases and effectively barring them from ever litigating against the same party again. *Id.* at 695. The Ninth Circuit held that protective orders must

be read consistent with their purpose, which is the protection of commercial secrets, not providing defendants with immunity from experienced opposing counsel. *Id*.

*Id*. at 695. The Ninth Circuit instead construed the protective order "to comply with common sense," under which "a reasonable reading must connect its prohibitions to its purpose—protection against disclosure of commercial secrets." *Id*.

State Farm appears to recognize that its proposed restriction—which would bar any reference to protected discovery even if the content of the discovery is not disclosed—goes too far. In their motion, State Farm states that it "does not contend that a bare reference to a Bates number or document title, standing alone, necessarily constitutes misuse." *See* Dkt. 32 at 11. But that is precisely what State Farm's proposed language would do. *See* Dkt. 32-1 at 2-3 (prohibiting "referencing the existence or contents of Protected Material, including the titles of documents produced pursuant to this Protective Order, or Bates ranges of documents produced pursuant to this Protective Order" outside this litigation). State Farm nonetheless suggests that some additional protections are warranted because Plaintiffs' counsel has already impermissibly used protected discovery from prior litigation in this case, and allegedly misused protected discovery in two prior lawsuits, *Tong v. State Farm Gen. Ins. Co.*, 2024 U.S. Dist. LEXIS 231087, at *13 (C.D. Cal. Dec. 20, 2024) and *Pachall v. State Farm*, Case No. 3702022-00044176-CU-IC-CTL, (Cal. Super. Ct. San Diego Cty., Nov. 02, 2022).

The Court briefly addresses each instance of alleged misconduct. First, State Farm claims that, in discovery requests in this case, Plaintiffs' counsel "has quoted from the contents of confidential documents, referenced the substance of an entire production as responsive to a

discovery request, and leveraged the contents of specific Bates-stamped materials to define the scope of discovery sought here." Dkt. 32 at 12. State Farm includes several discovery requests that it claims demonstrate such misuse. *Id.* at 8-9. However, the requests primarily reference the Bates range, prior lawsuit, and (in several cases) the titles of documents. The Court fails to see how such references reveal the content of confidential documents or otherwise cause specific harm to State Farm. State Farm also claims that some discovery requests quote from the content of certain protected documents, which could be more problematic. But State Farm does not describe the nature of the quoted information or how the disclosure harmed State Farm. There is also no indication that State Farm has raised these purported violations in the cases in which the protective orders were entered. Absent a finding of a protective order violation or proof that such a violation occurred, State Farm has not met its burden to show that its proposed modification is warranted based on Plaintiffs' counsel's conduct in this case.

Second, State Farm refers to the *Tong* court's finding that "additional protections" were warranted in light of Plaintiffs' counsel's "belated compliance with protective orders in other cases" and efforts to obtain State Farm's confidential materials "outside the limitations of a protective order." 2024 WL 5472414, at *3-4. However, as Plaintiffs forcefully argue and State Farm does not dispute, the *Tong* decision addressed a motion to compel and State Farm's motion for a protective order together, but it was issued before the plaintiffs' deadline to submit their briefing on the protective order. Dkt. 33 at 4 n.1. This Court therefore puts little weight on *Tong*'s unopposed findings here, where it has the benefit of both parties' perspective.

Third, State Farm cites *Pachall*'s finding that Plaintiffs' counsel violated the protective order in that case. Dkt. 32 at 7. However, as discussed above, *Pachall* expressly found that the plaintiffs did *not* violate the "use" restrictions of the protective order by referencing discovery from other cases. Dkt. 33 at 29. Instead, *Pachall* found a violation of the protective order because Plaintiffs' counsel—who had served an undisclosed consultant to the plaintiffs in *Pachall* and had access to confidential discovery—failed to sign an acknowledgment of the protective order. Dkt. 33 at 29 (holding that "it appears that plaintiff's counsel failed to comply with paragraph 8 of the protective order after Mr. Schaffer received the confidential information"). The *Pachall* court declined to order sanctions and instead required the plaintiffs to submit verifications documenting their disclosure of confidential information. *Id*. at 29-30. The Court does not believe that Plaintiffs' counsel's violation of an unrelated protective order provision in *Pachall* justifies the "use" modification that State Farm seeks here.

For the foregoing reasons, the Court declines to order State Farm's proposed "use" restriction that would limit counsel's ability to reference protected discovery in future litigation. This does not mean, of course, that Plaintiffs' counsel has the unfettered right to use protected material outside of this lawsuit. As Plaintiffs recognize, the Court's model protective order language already prevents the parties from disclosing the content of confidential material outside of this case. *See* Dkt. 33 at 6 (recognizing that "of course counsel cannot disclose the substance of confidential materials that were produced subject to protective orders in prior matters which bar use in other matters"). The Court expects that the parties, and their counsel, will abide by this restriction and avoid disclosing any such

11

protected information outside this case, including in any future litigation.[2]

### 2. Other use restrictions

State Farm also proposes that the Court define "use" to include the "the scanning, storing, searching or manipulation of Protected Material," and "the sharing of Protected Material with artificial intelligence." Dkt. 32-1 at 2-3. State Farm does not explain why it seeks these modifications and the Court does not believe they are necessary. The parties have already agreed that the protective order require that "Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order." Dkt. 31 at 9. The parties have also agreed to a provision, entitle "Use of Artificial Intelligence," that provides detailed rules for the use of AI. *Id*. at 9. The Court declines to include State Farm's additional modifications to the "use" definition, which appear unnecessary and may only cause confusion.[3]

Accordingly, State Farm's proposed modifications to Section 7.1 and Exhibit A are **DENIED**.

### B. Proposed Retention Provisions

State Farm seeks to add two additional carve-outs to the protective

---

[2] The Court declines to address whether it is permissible to "mine" protected discovery to generate future litigation. *See Concord Music Grp., Inc. v. Anthropic PBC*, No. 24-cv-03811-EKL-SVK, 2025 WL 3773754, at \*3 (N.D. Cal. Dec. 31, 2025) (discussing "mining"); *Suture Exp., Inc. v. Cardinal Health 200, LLC*, No. 12-2760-DDC, 2015 WL 5021959, at \*5 (D. Kan. Aug. 24, 2015) (recognizing that while "Defendants are not required to ignore information that they discovered in this case that gives them a good faith basis to raise other potential claims against the plaintiff or others," "[t[]his right should not, however, be abused as an all-out 'mining' effort to support claims not at issue in this case"). Although State Farm references the risk of "mining," (Dkt. 32 at 7), there is no evidence that Plaintiffs' counsel has engaged such conduct.

[3] Indeed, Plaintiffs apparently read these proposed modifications to *bar* the scanning and storing of protected information and the use of AI. Dkt. 33 at 8. The Court does not share this interpretation, but Plaintiffs' misconception illustrates the risks of adding unnecessary language to the protective order.

order's requirement that the parties destroy protected material after the conclusion of the case. Specifically, State Farm proposes that it not be prohibited from:

> (d): retaining information necessary to meet mandated retention requirements; or
> (e): retaining copies of Confidential Materials that may exist on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course of business, provided that, should a copy of the Confidential Materials be accessed, it will be used for a purpose consistent with this Order.

Dkt. 32-1 at 3.

State Farm argues that California Insurance Code and 10 CCR §2695.3 require insurers to maintain claim files containing all documents that reasonably pertain to a claim and to make those files available for examination by the Insurance Commissioner for at least five years. Dkt. 32 at 9. State Farm also represents that plaintiff's counsel has agreed to substantially identical retention language in at least five other cases, including the *Dixon* case. *Id.*

Plaintiffs argue that the California regulation applies to claim files, not litigation files, and that no California law preempts a federal court's protective order as to confidential materials produced in litigation. Dkt. 33 at 9. Plaintiffs further argue that any retention provisions should be mutual—that is, if State Farm is permitted to retain confidential materials beyond final disposition, Plaintiffs should have the same right. *Id.* Plaintiffs also argue that State Farm has no legitimate need to place Plaintiffs' private records into its electronic claim system and maintain them beyond the conclusion of this litigation. *Id.*

The Court finds that State Farm has shown good cause to retain protected material to comply with the California Insurance Code and its implementing regulations. Section 2695.3 provides that insurer "claim files

shall be subject to examination by the Commissioner" and that the files "shall contain all documents, notes and work papers (including copies of all correspondence) which reasonably pertain to each claim in such detail that pertinent events and the dates of the events can be reconstructed and the licensee's actions pertaining to the claim can be determined." 10 C.F.R. § 2695.3. Insurers "shall: (1) maintain claim data that are accessible, legible and retrievable" and this data "must be available . . . for the current year and the four preceding years." *Id*. Although, as Plaintiffs argue, the regulation does not expressly require an insurer to maintain litigation files related to an insurance claim, it is plausible that such files could be construed as "documents . . . which reasonably pertain to each claim." And unlike some other regulatory provisions, Section 2695.3 does not expressly permit destruction of records pursuant to court order. *See* Dkt. 32 at 14-15. Because there is apparently no additional authority or guidance on an insurer's obligations under the Insurance Code, (*id.*), it is reasonable for State Farm to err on the side of caution and retain protected material to meet its regulatory obligations.

The Court rejects Plaintiffs' argument that any such retention provisions should be mutual. While parties ordinarily should be bound by the same requirements under a protective order, that general rule does not apply where the parties face genuinely different legal obligations. State Farm is subject to California insurance regulatory requirements as an insurer. Plaintiffs, as individuals, are not. As such, there is good cause to permit only State Farm to retain documents to comply with its regulatory obligations.

Accordingly, State Farm's proposed modifications to the document

14

destruction provision is **GRANTED**.[4]

* * *

For the foregoing reasons, the Court **DENIES** State Farm's proposed modifications to Section 7.1 and additions to Exhibit A and **GRANTS** State Farm's proposed modifications to Section 13. The parties are **ORDERED** to file a stipulated protective order consistent with this Order **on or before July 28, 2026**.

**IT IS SO ORDERED**.

Dated: July 20, 2026

_____

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] For the same reasons, the Court finds good cause for State Farm's proposed subsection (e), governing its retention of documents on backup servers. State Farm argues that this provision is intended to facilitate its compliance with its regulatory obligations. Dkt. 32 at 14-15. Plaintiffs do not offer any objections specific to this provision, apart from their arguments regarding State Farm's regulatory compliance obligations. Dkt. 33 at 10-11.