SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
jhoffman@sheppard.com
MADALYN MACARR, Cal. Bar No. 301539
mmacarr@sheppard.com
SARAH A. K. BLITZ, Cal. Bar No. 280118
sblitz@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIE DANIELS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendant. | Case No. 2:26-cv-00452-CAS (MBKx)<br><br>*Assigned to Hon. Christina A. Snyder*<br><br>DISCOVERY MATTER<br>Magistrate Judge Michael B. Kaufman<br><br>**DECLARATION OF ROBIN DIXON IN SUPPORT OF DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, AND FOR SANCTIONS**<br><br>Hearing Date: September 30, 2026<br>Time: 9:00 a.m.<br>Courtroom: 550, 5th Floor, 255 E. Temple St., Los Angeles<br><br>Trial Date: October 12. 2027 |

**DECLARATION OF ROBIN DIXON**

I, Robin Dixon, declare as follows:

1. I am employed by State Farm Fire & Casualty Company ("State Farm") as a Claims Specialist. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.
2. I was hired by State Farm on or around September 11, 2023. I have held the position of Claims Specialist since that time.
3. At no time since I was hired has anyone at State Farm trained or instructed me to deny a covered water-loss claim, or any covered claim.
4. I have been trained and instructed, consistent with State Farm's commitment to its policyholders, to look for coverage and to pay what we owe, subject to confirming no exclusions apply.
5. I was the Claims Specialist assigned to the water loss claim made by the plaintiff Kathy Myles ("Plaintiff"). I inspected the Plaintiff's property on October 14, 2025.
6. In reviewing the Plaintiff's claim, I consulted the applicable Operation Guide (OG 75-20 – Water Damage Losses). I also sent my Team Manager, Ellen Redmond, an email requesting her guidance as I reviewed the applicable policy provisions, Operation Guide section, and the facts of the subject loss.
7. In that same email exchange, I referred to a different, prior water-loss claim, where my initial investigation found that the claim did not fall within coverage. Upon further review by a Team Manager, the initial coverage decision in that claim was reversed and coverage was extended. I referenced that prior claim because I believed it was similar, and I wanted to ensure that I correctly applied the terms of the policy and the facts of the loss to Plaintiff's claim.

8. I prepared the coverage decision letter, which was sent on or about October 24, 2025, to the insured, with a copy to her agent Jim Caballero. That correspondence explained that coverage was not afforded under the policy. Before sending the letter, I did not discuss the coverage analysis with anyone other than Team Manager Ellen Redmond.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 9, 2026, at Los Angeles, California.

09/09/26

ROBIN DIXON