SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
jhoffman@sheppard.com
MADALYN MACARR, Cal. Bar No. 301539
mmacarr@sheppard.com
SARAH A. K. BLITZ, Cal. Bar No. 280118
sblitz@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIE DANIELS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendant. | Case No. 2:26-cv-00452-CAS (MBKx)<br><br>*Assigned to Hon. Christina A. Snyder*<br><br>DISCOVERY MATTER<br>Magistrate Judge Michael B. Kaufman<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DYLAN SCHAFFER SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, AND FOR SANCTIONS**<br><br>Hearing Date: September 30, 2026<br>Time: 9:00 a.m.<br>Courtroom: 550, 5th Floor<br>255 E. Temple Street<br>Los Angeles<br><br>Trial Date: October 12, 2027 |

Pursuant to Central District of California Local Rule 7-7, 28 U.S.C. § 1746, and the Federal Rules of Evidence, Defendant State Farm General Insurance Company ("State Farm") submits the following objections to the Declaration of Dylan Schaffer ("Schaffer Decl.") filed in support of Plaintiffs' Motion to Compel Production of Documents and Further Responses to Requests for Production, and for Sanctions [Dkt. 43-2].

## PART I: THRESHOLD AND GLOBAL OBJECTIONS

State Farm first identifies threshold defects that apply to the Schaffer Declaration as a whole, or to substantial categories of it. These threshold objections frame the specific, paragraph-level objections in Part II below; they are not fully restated there each time the same defect recurs, however, the argument is incorporated.

### A. The Declaration Does Not Comply with 28 U.S.C. § 1746 or C.D. Cal. L.R. 1-4(b)

Local Rule 1-4(b) defines a "Declaration" as one executed in conformance with 28 U.S.C. § 1746, which requires the declarant to subscribe that the statement is true and correct under penalty of perjury. C.D. Cal. L.R. 1-4(b); 28 U.S.C. § 1746. The Schaffer Declaration states only, "I, Dylan Schaffer, declare under penalty of perjury as follows," and, in paragraph 1, "If called to testify I would do so under penalty of perjury as follows." Schaffer Decl. ¶ 1. Neither the opening line nor the closing "Executed this 24th day of August, 2026" attestation states that the contents are true and correct. *Id*. at 40.

Substantial compliance with Section 1746 requires both a penalty-of-perjury statement and a separate assertion of truth and correctness. *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995); *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999). This Court has declined to consider declarations with the identical defect. *Aviles v. Quik Pick Express, L.L.C.*, No. CV-15-5214-MWF (AGR), 2015 WL 5601824, at *2 (C.D. Cal. Sept. 23, 2015); *see also Luxul Tech.*

*Inc. v. NectarLux, L.L.C.*, No. 14-CV-03656-LHK, 2016 WL 3345464, at *6–7 (N.D. Cal. June 16, 2016).

The missing attestation is not a mere formality here. Paragraph 29 states that "State Farm served its responses on August 25, 2026," yet the Declaration was executed the day before, on August 24, 2026, and Exhibit E's own proof of service reflects service on August 5, 2026, not August 25. Schaffer Decl. ¶ 29; *id.* at 40; *id.*, Ex. E at 343–344. State Farm does not suggest this discrepancy reflects intentional misstatement, but it illustrates why a declaration lacking the statutory truth-and-correctness attestation cannot be presumed reliable as to the facts it recites.

**B. <u>The Declaration Is Permeated by Argument, Legal Conclusions, and Speculation in Violation of C.D. Cal. L.R. 7-7</u>**

Local Rule 7-7 requires that declarations "contain only factual, evidentiary matter" and conform, so far as possible, to Federal Rule of Civil Procedure 56(c)(4). C.D. Cal. L.R. 7-7; Fed. R. Civ. P. 56(c)(4). This Court has excluded an attorney declaration that "blend[ed] factual evidentiary matter with legal argument," holding that argument belongs in the brief. *Solutions for Utils., Inc. v. Cal. Pub. Utils. Comm'n*, No. 2:11-cv-04975-JWH-JCG, Dkt. 333, at 28–29 (C.D. Cal. Mar. 13, 2023). The Schaffer Declaration does not just occasionally cross that line; it is organized around argument, characterizing State Farm's conduct as a "strategy," a "well-worn plan," "sanctionable," and evidence of what State Farm "knows," rather than percipient fact. The specific instances are identified in Part II.

**C. <u>Counsel Relies on "Experience" in Other Litigation, Not Personal Knowledge</u>**

Mr. Schaffer repeatedly identifies the source of his assertions as his "litigation of other State Farm cases," his "review of the public pleadings from many cases," transcripts, and "recently released" documents obtained in unrelated litigation, not personal observation of the Myles claim or State Farm's internal operations. Schaffer Decl. ¶ 129. He is Plaintiffs' counsel, not a State Farm employee, custodian

of records, or disclosed expert in insurance analytics, claims-management systems, or corporate terminology. Fed. R. Evid. 602, 701, 702. Counsel may argue inferences from admissible evidence in the memorandum; he may not become the evidentiary bridge between materials from unrelated cases and the propositions Plaintiffs must prove in this one.

**D. <u>Allegations and Rulings from Unrelated Litigation Are Not Evidence of Disputed Facts in This Case</u>**

A substantial portion of the Declaration recounts allegations, testimony, and discovery rulings from *Wise*, *Tong*, *Pachall*, *Savas*, *Mojica*, and various Oklahoma state court matters, offered to prove that a "scheme" caused the handling of the Myles claim. The Court may take judicial notice of the existence and disposition of other proceedings; it may not notice disputed factual allegations within them for their truth. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). A ruling compelling discovery in another case involving different insureds, claims, personnel, and requests likewise does not establish that comparable discovery is relevant or proportional here. Fed. R. Evid. 201, 402, 403, 802; Fed. R. Civ. P. 26(b)(1).

**E. <u>Prior-Litigation Exhibits Have Not Been Authenticated and Some Have Been Altered</u>**

Counsel's characterization of an exhibit as a "true and correct copy" does not, standing alone, establish that the particular version submitted to the Court is what Plaintiffs claim it to be where counsel does not demonstrate personal knowledge of its provenance or otherwise authenticate it through a method permitted by Rule 901. See Fed. R. Evid. 901(a), (b); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532–33 (9th Cir. 2011). That concern is heightened here because the electronic file submitted with the Motion is not uniformly composed of clean, unmodified copies and contains embedded annotations and markup whose provenance is not established. Certain exhibits drawn from other litigation contain embedded

annotations whose metadata identifies the author as "dylan," including annotations bearing creation dates that predate this litigation. State Farm does not contend that this metadata conclusively establishes when any annotation was in fact created — embedded PDF metadata can be copied or altered through ordinary document handling — but the presence of unexplained, counsel-associated markup means these copies cannot be treated as pristine, unaltered originals, and any markup, highlighting, or numbering they contain should not be attributed to State Farm absent competent authentication of the specific copy relied upon.

## PART II: SPECIFIC EVIDENTIARY OBJECTIONS

The following objections identify the specific statements challenged, incorporating the threshold objections in Part I where the same defect recurs.

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 1 | Entire Declaration, including ¶ 1 ("If called to testify I would do so under penalty of perjury") and signature block at 40 ("Executed this 24th day of August, 2026"); ¶ 29 ("State Farm served its responses on August 25, 2026"); Ex. E at 343–344 (proof of service dated August 5, 2026). | **28 U.S.C. § 1746 (Unsworn Declarations Under Penalty of Perjury); C.D. Cal. L.R. 1-4(b) (Declaration Requirements)**. No attestation that the contents are true and correct; internally inconsistent and temporally impossible service date in ¶ 29. *See* Part I.A. |
| 2 | ¶ 6 ("Kathy Myles awoke on October 7, 2025, to find her kitchen floor and cabinets warm to the touch... She observed water spilling out of an exterior wall"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation).** No personal knowledge of events counsel did not witness. |

| No. | Evidence Objected To | Objection and Grounds |
| --- | --- | --- |
| 3 | ¶ 7 ("She called a plumber who discovered a failed pressurized hot water supply line in the home's concrete footing"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge of the plumber's inspection or findings; hearsay as to what the plumber reported. |
| 4 | ¶ 9 ("The Myles family had the plumber return to do a bypass and reroute of the line, but that work did not disturb the failed portion of the supply line"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay)**. No personal knowledge of the plumbing work performed. |
| 5 | ¶ 11 ("Its adjuster did not see the broken line"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation).** No personal knowledge of State Farm's on-site inspection. |
| 6 | ¶ 12 ("After the inspection the adjuster asked her supervisor about potentially seeking permission to break into the foundation, but State Farm never pursued the point"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge of an internal State Farm conversation between an adjuster and supervisor. |
| 7 | ¶ 15 ("Both Servpro... and Exact Leak Detection... told State Farm there was no evidence of any long-term leak such as microbial growth, deteriorated building components, or buckled floors"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** Hearsay recitation of third-party statements to State Farm; no personal knowledge of the communications. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 8 | ¶ 16 (“all evidence shows the loss was inside the foundation”; the CRSL exclusion is “generally aimed at long-term slow leaks, not failed pressurized supply lines”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); Fed. R. Evid. 401–403 (Relevance).** Counsel’s characterization of a disputed coverage issue as established fact; argument on the merits of the underlying coverage dispute not relevant to this discovery motion. |
| 9 | ¶ 30(b) (evidence “previously obtained by my firm and others demonstrate a consultant-driven effort... which manifested in a large number of baseless water loss denials in this state, as occurred here”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 802 (Hearsay); C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Speculation and argument regarding an alleged systemic scheme and its application to the Myles claim, not personal knowledge. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 10 | ¶ 32 (State Farm has "a proven pattern of obstructing discovery... and thereby obtaining strategic advantage—namely, delay"). | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance); C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Counsel's characterization of findings in an unrelated case, *Tong v. State Farm*, are not evidence of State Farm's conduct or intent in this case. *See* Part I.D; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). |
| 11 | ¶¶ 34–39 (*Wise/Russell v. State Farm*, N.D. Cal. No. 4:23-cv-00163-HSG, offered as evidence that "as here," State Farm engaged in the same claim-handling and discovery conduct). | **Fed. R. Evid. 402, 403 (Relevance), 802 (Hearsay); C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Allegations and conduct in an unrelated case involving a different insured, loss, and record are not evidence of what occurred here. *See* Part I.D; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 12 | ¶¶ 40–47 (*Tong v. State Farm*, C.D. Cal. No. 2:24-cv-02219-DSF-MAR, described as "identical" to this case and offered to prove State Farm's conduct and "pattern of discovery misconduct" here). | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance), 802 (Hearsay); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).** Judicial notice, if any, is limited to the existence and disposition of *Tong*, not the truth of its disputed factual findings as applied here. *See* Part I.D. |
| 13 | ¶¶ 48–50 (*Pachall v. State Farm*, San Diego Superior Court No. 37-2022-00044176, offered to prove State Farm's conduct here). | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance), 802 (Hearsay).** A state-court ruling in an unrelated matter does not establish disputed facts or discoverability in this action. *See* Part I.D. |
| 14 | ¶ 51 ("State Farm has been nothing if not true to form here"). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Argumentative characterization, not fact. *See* Part I.B. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 15 | ¶ 52 (“State Farm’s serial Rule-violative responses... continue precisely the conduct this Court found wanting in *Tong*”). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402 (Relevance).** Legal conclusion regarding Rule compliance and improper comparison to an unrelated case. *See* Part I.B, D. |
| 16 | ¶ 60 (State Farm “routinely asserted... good faith efforts” while, in counsel’s characterization, never narrowing its position on water-initiative documents). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Speculation as to State Farm’s intent and good faith in drafting discovery positions. |
| 17 | ¶ 62 (State Farm’s response contains “intentionally vague language promising to do more, without providing a timeline or any meaningful specificity”). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter);Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Speculation as to State Farm’s intent in drafting a discovery response; the response speaks for itself. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). |

| No. | Evidence Objected To | Objection and Grounds |
| --- | --- | --- |
| 18 | ¶ 67 ("far more revealing of State Farm's obstructive litigation strategy"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Argument characterizing litigation strategy, not fact. |
| 19 | ¶ 69 ("The violations of Rule 34(b)(2)(B) and (C) are unmistakable... State Farm makes a centerpiece of its litigation strategy"). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Legal conclusion regarding Rule compliance and speculation as to litigation strategy. |
| 20 | ¶ 78 ("as has been true of every State Farm case I have litigated, the insurer here produced thousands of duplicative and non-responsive documents"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402 (Relevance).** Generalization from unrelated cases offered as proof of conduct here. |
| 21 | ¶ 79 ("The production of thousands of pages of worthless documents is part of State Farm's strategy"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to corporate intent and strategy. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 22 | ¶ 80 ("in all of my State Farm cases, the carrier always produces the same bundle of non-responsive documents... which strongly suggests the nonsense productions are not inadvertent, but are part of a well-worn plan"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402 (Relevance).** Counsel's inference regarding intent, drawn from experience in other cases, is not witness testimony. |
| 23 | ¶ 82 ("It seems reasonable to think... the insurer knows its conduct here is improper. Its continuing reliance on these tactics is sanctionable conduct"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm's subjective knowledge; improper legal conclusion regarding sanctionability. |
| 24 | ¶ 83 (Ex. I "is a true and correct copy" of the discovery responses in *Jacobs v. State Farm General Insurance Company*, 22STCV23446). | **Fed. R. Evid. 901 (Authentication/Lack of Foundation).** Counsel's own attestation does not authenticate a document as to which he lacks personal knowledge. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002). *See* Part I.E. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 25 | ¶ 84 (*Jacobs* responses show State Farm "acknowledged systemic efforts, what have become known as initiatives across states, perils, and State Farm departments, to drive down loss adjustment expenses"). | **Fed. R. Evid. 802 (Hearsay), 701 (Improper Lay Opinion).** Counsel's characterization of an unrelated case's discovery responses, offered for the truth of a purported systemic scheme. |
| 26 | ¶ 85 ("State Farm's fondness for generic titles and deep wells of acronyms seems intended to avoid scrutiny"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm's intent in naming internal programs. |
| 27 | ¶¶ 87–88 ("words like 'quality', 'accuracy', and 'consistency' are used to telegraph management goals... about financial outcomes"; such terms "always" reflect an emphasis on financial outcomes). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Counsel's interpretation of internal corporate terminology requires specialized knowledge for which no foundation has been laid. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 28 | ¶¶ 90–95 (*Wise* and *Mojica v. State Farm*, S.D. Cal. No. 3:22-cv-1997-L-DDL, including deposition testimony of Sandra Moriarty, Ex. P, offered to prove the existence of a "scheme" in this case). | **Fed. R. Evid. 802 (Hearsay), 402, 403 (Relevance).** Testimony and characterizations from unrelated litigation offered for the truth of a purported scheme. *See* Part I.D. |
| 29 | ¶¶ 93–94 (*Thompson*, *Gunaji*, *Jarvis*, *Fittingoff*, and *Nargizyan v. State Farm*, 120 Cal.App.5th 581 (2026), cited as evidence that "the same bad faith conduct" occurred in Myles). | **Fed. R. Evid. 402, 403 (Relevance), 802 (Hearsay).** Allegations and outcomes in unrelated cases involving different insureds and claims are not evidence of what occurred in the Myles claim. |
| 30 | ¶¶ 101–107 (*Tong* requests for production and order compelling production, Ex. J, offered to prove discoverability of the categories sought here). | **Fed. R. Evid. 402, 403 (Relevance), 201 (Limits on Judicial Notice); Fed. R. Civ. P. 26(b)(1) (Proportionality).** A discovery order in an unrelated case involving different requests and a different record does not establish relevance or proportionality here. *See* Part I.D. |
| 31 | ¶ 106 ("It has since become public knowledge that... Accenture[] is another outside entity responsible for providing consulting to State Farm on these issues"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge; hearsay assertion of "public knowledge." |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 32 | ¶¶ 108–115 (*Savas v. State Farm*, Los Angeles Superior Court No. 21STCV03286, offered to prove State Farm's conduct here). | **Fed. R. Evid. 402, 403 (Relevance), 201 (Limits on Judicial Notice), 802 (Hearsay).** A state-court discovery dispute involving a different claimant and record does not establish disputed facts in this action. *See* Part I.D. |
| 33 | ¶¶ 117–126 (*West v. State Farm Fire and Casualty Company*, Comanche County, Oklahoma No. CJ-2025-135, and *Hursh v. State Farm*, Oklahoma County No. CJ-2025-2626, wind/hail rulings and de-designation orders offered to support discoverability of California water-loss materials here). | **Fed. R. Evid. 401–403 (Relevance), 201 (Limits on Judicial Notice), 802 (Hearsay); Fed. R. Civ. P. 26(b)(1) (Proportionality).** Different peril, jurisdiction, and record; limited relevance and risk of confusion. *See* Part I.D. |
| 34 | ¶ 129 ("based on my litigation of other State Farm cases, my review of the public pleadings from many cases... it is possible to describe with increasing specificity and detail State Farm's systemic efforts..."). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Express acknowledgment that the basis for counsel's testimony is his litigation experience and review of other cases, not personal knowledge. *See* Part I.C. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 35 | ¶ 133 (interpreting "opportunity" in the Manduca/Jokerst exchange, Ex. U, as meaning "chances to save State Farm money by paying less benefits"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Counsel's interpretation of a document he did not author and of which he has no personal knowledge of the participants' intended meaning. |
| 36 | ¶ 139 (Accenture "built" predictive models and AI used in State Farm's audits). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** No foundation for specialized testimony regarding the origin or function of analytical tools or software. |
| 37 | ¶ 147 ("'Errors' never mean that State Farm improperly denied a loss or underpaid for repairs and other benefits due"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Categorical assertion regarding the meaning of internal terminology, offered without foundation. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 38 | ¶ 149 ("[T]he documents will eventually show" that reinspection "involves an internal audit of claim outcomes, which audits are driven by consultant-created predictive models and AI"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Speculation about the contents of documents not yet in evidence; no foundation for opinion regarding analytics or AI. |
| 39 | ¶ 150 ("State Farm assiduously sticks to its acronyms and euphemistic phrasing" to disguise its objectives). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to corporate intent. |
| 40 | ¶¶ 151–153 (describing State Farm's "initiatives" as unified efforts targeting "coverage," "scope," "estimate writing," "estimate reconciliation," "authority reductions," and "claim closure pressure" across perils and jurisdictions). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Sweeping characterization of corporate-wide practice without personal knowledge or disclosed expertise. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 41 | ¶ 155 (“State Farm knows that the initial response is improper and that eventually it will have to expand its production”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm’s subjective knowledge. |
| 42 | ¶ 157 (“even though it knows it is likely to lose the issue, State Farm asserts the position because that requires the filing of a motion to compel, which delays production”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm’s subjective knowledge and litigation motive. |
| 43 | ¶ 159 (“State Farm expressly refuses to state... it will search for and produce all documents”, characterized as knowing noncompliance with Rule 34). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Legal argument regarding compliance with Rule 34, not fact. |

| No. | Evidence Objected To | Objection and Grounds |
|---|---|---|
| 44 | Exhibits F, G, and I, and any other prior-litigation exhibit bearing embedded annotations attributed to "dylan," including an annotation within Exhibit I bearing a creation date preceding counsel's stated 2024 discovery of the underlying document (¶ 83). | **Fed. R. Evid. 901 (Authentication/Lack of Foundation), 106 (Rule of Completeness).** Provenance and authentication concern; the copies are not shown to be pristine, unaltered originals, and any markup should not be attributed to State Farm absent competent authentication. *See* Part I.E. |

For the foregoing reasons, State Farm respectfully requests that the Court sustain the objections set forth above and disregard the challenged material, or alternatively give it no evidentiary weight in ruling on Plaintiffs' Motion.

Dated: September 9, 2026 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *Jennifer M. Hoffman*
JENNIFER M. HOFFMAN
SARAH A.K. BLITZ
MADALYN A. MACARR

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY