J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No.: 2:26-cv-00452-CAS-MBK

**DISCOVERY MATTER**

Magistrate Judge Michael B. Kaufman

**PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DYLAN SCHAFFER SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, AND FOR SANCTIONS**

Hearing Date: September 30, 2026
Time: 9:00 a.m.
Courtroom: 255 E. Temple St., Los Angeles, Courtroom 550, 5th Floor

2nd Amended Complaint: 3/16/2026
Discovery Cutoff: 4/15/2027

Plaintiffs Kathy Myles and Willie Daniels ("Plaintiffs") submit this response to Defendant State Farm General Insurance Company's ("State Farm") Evidentiary Objections to the Declaration of Dylan Schaffer ("Schaffer Decl.") filed in support of their Motion to Compel Production of Documents and Further Responses to Requests for Production, and for Sanctions (Docket 43-2, 54).

This is a discovery motion, not a dispositive motion or trial. Courts in this Circuit routinely consider counsel declarations submitted in support of discovery motions for the limited purpose of establishing procedural history, good-faith conferral, and the relevance and proportionality of the discovery sought, even where portions of such declarations would not independently satisfy the strict admissibility standards applicable to trial evidence. *See e.g.*, *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461 (C.D. Cal. 2022).

Many of State Farm's forty-four objections and five threshold objections target background, context, or argument that has no bearing on the non-dispositive questions before the Court. Plaintiffs address each objection below, and, where a particular phrase is a legal conclusion or rhetorical characterization rather than fact, we identify it as such. The Court can, if necessary, readily disregard those portions of the declaration without the drastic remedy of striking all independently admissible factual content in the declaration.

## I. RESPONSE TO STATE FARM'S "PART I: THRESHOLD AND GLOBAL OBJECTIONS".

### A. The Declaration Substantially Complies With 28 U.S.C. §1746 and C.D. Cal. L.R. 1-4(b); the Service-Date Reference Is a Correctable Scrivener's Error.

The Declaration substantially complies with §1746. Its opening clause ("I,

Dylan Schaffer, declare under penalty of perjury as follows") and its closing execution subject the entirety of the factual recitation that follows to perjury liability, which is the statute's operative purpose. *Fantagraphics Books, Inc. v. Ferris*, 2022 WL 4120166 (W.D. Wash. Sept. 9, 2022), *5 [declaration satisfied §1746 where "under penalty of perjury" statement was only at beginning]. Plaintiffs have also filed a Supplemental Declaration of Dylan Schaffer which cures any possible issue.

The asserted internal inconsistency at ¶29 is resolved by the record itself. Plaintiffs served RPD-3 on July 6, 2026 (Schaffer Decl., ¶28); Exhibit E's proof of service reflects State Farm's response exactly 30 days later, on August 5, 2026. Paragraph 29's reference to "August 25" is a typo for "August 5"—an immaterial, correctable error that does not affect the substance or reliability of Exhibit E, which is not itself disputed as authentic.

The Court should also note that State Farm's own supporting declarations are not free of the same type of imperfection it asks the Court to treat as disqualifying in Plaintiffs' declaration: State Farm's Declaration of Ellen Redmond recites an execution date of September 8, 2026 while its accompanying digital-signature block reflects September 9, 2026—a materially identical discrepancy. (Docket 53-2, p.3:4-8.) Plaintiffs do not suggest this renders Ms. Redmond's declaration unreliable—only that the same standard of reasonableness, and rejection of form over substance where there is no real prejudice, should apply to both parties' declarations. Objection No. 1 and Threshold Objection A should be overruled.

### B. Isolated Argumentative Phrases Do Not Warrant Wholesale Exclusion of Paragraphs That Are Otherwise Factual.

C.D. Cal. L.R. 7-7 and FRCP 56(c)(4) require declarations to contain factual matter "as far as possible"—a standard courts can apply by, when necessary, disregarding isolated argumentative phrases while crediting the surrounding factual content, not by striking entire paragraphs or declarations wholesale. *See Herring v. Delta Air Lines, Inc*., 894 F.2d 1020 (9th Cir. 1989) [upholding district court's denial of motion to strike declaration where sufficient admissible evidence remained even if challenged portions had been excluded]; *accord Mitchel v. City of Santa Rosa*, 695 F.Supp.2d 1001 (N.D. Cal. 2010); *Payment v. Pugh*, 2023 WL 7927639, *8 (W.D. Wash. Oct. 23, 2023) [both declining to strike declaration despite some argument].

Plaintiff's counsel's declaration has presented evidence of his personal, percipient litigation experience to support the statements made. (Schaffer Decl., ¶¶32-52, 78-80, 83-115.) Any statements that may be considered legal opinions are also presented as factual in nature based on the evidence known to counsel at this present time. *Rivera v. NIBCO*, 701 F.Supp.2d 1135, 1139 (E.D. Cal. 2010) [overruling objections to attorney declaration on the same basis]. Notably, State Farm's own Opposition substantively engages, on the merits, with nearly all of these same paragraphs (*see, e.g*., Oppo. at 11-13, 20-21), which is difficult to reconcile with its contention that they are too argumentative to warrant any evidentiary consideration.

However, should the Court find any of the specific phrases State Farm has identified to be solely legal conclusion or rhetorical characterization rather than

fact, Plaintiffs have no objection to the Court disregarding those specific phrases while considering the surrounding, independently admissible factual recitations in the same paragraphs. Individualized responses are provided in Plaintiff's response to State Farm's Part II, below.

### C. Mr. Schaffer's Description of Litigation He Personally Conducted Rests on Personal Knowledge—as State Farm's Own Opposition Concedes.

State Farm's own Opposition states the controlling standard and concedes it is satisfied here: "Counsel may competently describe matters he personally handled—service of discovery, conferences, materials he received, and litigation in which he participated." (Opposition, p.11:6-8, citing Schaffer Decl. ¶¶3-4, 24-30.)

Mr. Schaffer was counsel of record in *Wise* and *Tong*, and—as confirmed independently by State Farm's own Hoffman Declaration, Exhibit J, which attaches Mr. Schaffer's sworn declaration filed in that very case—served as retained litigation consultant in *Pachall*. His description of the requests he served, the responses and objections State Farm raised, the rulings courts issued, and the documents he personally received in each of those matters is FRE 602 personal-knowledge testimony. Any characterization drawn from that firsthand litigation experience—for example, describing a pattern personally observed across multiple, materially similar cases against the same defendant—is, at minimum, permissible lay opinion under FRE 701(a)-(b): rationally based on the witness' own perception and helpful to the Court's understanding of the pattern alleged.

### D. References to Rulings and Records From Related State Farm Litigation Serve a Proper, Non-Hearsay Purpose.

The declaration's references to *Wise, Tong, Pachall, Savas, Mojica, West,*

*Hursh,* and *Jacobs* serve two independent, proper purposes:

First, exactly as State Farm's own threshold objection concedes is permissible, they are offered for the existence and disposition of those proceedings—that other courts confronted requests for the same or similar categories of documents from this same defendant and ordered production—which bears directly on proportionality and on the credibility of State Farm's anticipated burden objections, and is judicially noticeable under FRE 201(b)(2).

Second, several of these references function as citation to persuasive legal rulings, no different from any other case citation in a brief, rather than as "evidence" subject to the Rules of Evidence at all. State Farm's own Opposition does precisely the same thing—discussing *Tong, Savas, Hursh, West, Pachall,* and *Mojica* on their merits at length (Opposition at 19-21), including by independently citing the *Tong* docket and Westlaw citation (Opposition at 19 n.14, 21)—confirming these are genuine, undisputed court records properly before the Court on this motion.

**E. The Exhibits Are Properly Authenticated Through Mr. Schaffer's Personal Handling, and State Farm's Own Reliance on the Same Exhibits Confirms Their Genuineness.**

FRE 901(a) sets a low bar, requiring only "evidence sufficient to support a finding that the item is what the proponent claims it is." Mr. Schaffer supplies exactly that foundation for each exhibit: he personally propounded, received, or obtained it as counsel of record in the underlying litigation, or it was produced in discovery in this case.

State Farm's Opposition confirms the point, repeatedly citing, quoting, and substantively arguing from Schaffer Exhibits A, H, I, K through O, Q, R, T, and U,

and the Moriarty deposition, without ever disputing that they are what Plaintiffs represent them to be—disputing only their *legal significance*. (*See, e.g.*, Opposition at 9-10, 12 n.9, 13, 14 nn.11-13, 15 n.13, 19-21.) A party's own substantive reliance on a document as genuine is itself circumstantial evidence of authenticity that the same party cannot simultaneously disclaim. As to Exhibit I specifically, State Farm's Opposition quotes its content at length (p.10) without disputing its authenticity.

On the related concern that certain exhibits bear embedded annotations attributed to "dylan" (Threshold Objection E; Objection No. 44), the presence of counsel's own working annotations on a litigation working copy does not render the underlying substantive content inauthentic, and State Farm identifies no instance in which any annotation altered an exhibit's operative text. The annotations are for the Court's convenience and contain no substantive contents. Counsel in federal matters routinely provide such highlights to assist courts in reviewing voluminous documents. Should the Court direct, Plaintiffs will substitute clean, unmarked copies.

The Court should also note State Farm's own Hoffman Declaration misstates the Bates number of its own Exhibit A (reciting "SF-CF0000055" where the attached document is actually stamped "SF-CF0000012"-"SF-CF0000013"), and that State Farm's Exhibit F to that declaration is itself a document bearing a substantial redaction block. Isolated labeling irregularities or visible markup are evidently not treated as disqualifying when they appear in State Farm's own exhibits, and the same standard should apply here.

## II. RESPONSE TO STATE FARM'S "PART II. SPECIFIC EVIDENTIARY OBJECTIONS".

The following responds to each of State Farm's 44 paragraph-specific objections, incorporating the threshold responses in Part I above where the same grounds recur:

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 1 | Entire Declaration, including ¶ 1 ("If called to testify I would do so under penalty of perjury") and signature block at 40 ("Executed this 24th day of August, 2026"); ¶ 29 ("State Farm served its responses on August 25, 2026"); Ex. E | **28 U.S.C. § 1746 (Unsworn Declarations Under Penalty of Perjury); C.D. Cal. L.R. 1-4(b) (Declaration Requirements).** No attestation that the contents are true and correct; internally inconsistent and temporally impossible service date in ¶ 29. See Part I.A. | The Declaration substantially complies with §1746. Its opening clause ("I, Dylan Schaffer, declare under penalty of perjury as follows") and its closing execution subject the entirety of the factual recitation that follows to perjury liability, which is the statute's operative purpose. *Fantagraphics Books, Inc. v. Ferris*, 2022 WL 4120166 (W.D. Wash. Sept. 9, 2022), *5 [declaration satisfied §1746 where "under penalty of perjury" statement was only at beginning]. Plaintiffs have also filed a Supplemental Declaration of Dylan Schaffer which cures any possible |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | at 343–344 (proof of service dated August 5, 2026). | | issue. As to ¶29, the record itself resolves the apparent inconsistency: RPD-3 was served July 6, 2026 (Schaffer Decl., ¶28), and Exhibit E's proof of service reflects State Farm's response exactly 30 days later, on August 5, 2026. Paragraph 29's reference to "August 25" is a typo for "August 5"—an immaterial, correctable error that does not affect the substance or reliability of Exhibit E, which is not itself disputed as authentic. Notably, State Farm's own declarant Ellen Redmond, filed ISO its Opposition, recites an execution date of September 8, 2026 while her accompanying digital signature block is dated September 9, 2026—a materially identical one-day discrepancy State Farm evidently does not consider disqualifying in its |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | | own evidence. The same standard should apply to both sides. |
| 2 | ¶ 6 ("Kathy Myles awoke on October 7, 2025, to find her kitchen floor and cabinets warm to the touch... She observed water spilling out of an exterior wall"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation).** No personal knowledge of events counsel did not witness. | Plaintiffs do not contend counsel personally witnessed events inside the Myles family's home; ¶6 recites undisputed background from the claim file and Ms. Myles' own account, offered only for context on this discovery motion, not as trial proof of the merits. In a discovery proceeding the movant need not produce extrinsic evidence in the form of admissible declarations or documents to establish that the requested discovery is relevant; they can cite to and rely on allegations in their pleading and a declaration of counsel to establish the nexus between the requested documents and the litigation. *See Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652 (D. Mont. 2018) [court relies on allegations in complaint]. State Farm's own Opposition does not |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | | dispute this narrative (save the single, distinct inspection-date point addressed at Response No. 5), and its own claim file and denial letter (Hoffman Decl. Ex. D) recite a consistent account. If the Court requires a percipient foundation, Plaintiffs will submit a supplemental declaration from Ms. Myles; striking the paragraph is unnecessary and disproportionate to a background recitation State Farm does not meaningfully contest. |
| 3 | ¶ 7 ("She called a plumber who discovered a failed pressurized hot water supply line in the home's concrete footing"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge of the plumber's inspection or findings; hearsay as to what the plumber reported. | *See* Response No. 2. This fact is further corroborated by State Farm's own Exact Leak Detection invoice (Hoffman Decl., Ex. C) and is not disputed in State Farm's Opposition. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 4 | ¶ 9 ("The Myles family had the plumber return to do a bypass and reroute of the line, but that work did not disturb the failed portion of the supply line"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge of the plumbing work performed. | See Response No. 2. Undisputed background, corroborated by State Farm's own claim file materials (Hoffman Decl. Exs. A, C); not contested in State Farm's Opposition. |
| 5 | ¶ 11 ("Its adjuster did not see the broken line"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation).** No personal knowledge of State Farm's on-site inspection. | This fact is drawn from State Farm's own claim file and inspection materials, which counsel reviewed as counsel of record—indeed State Farm's Robin Dixon declaration (¶5) confirms she inspected the property without describing observation of any broken line, corroborating rather than contradicting ¶11. Because the underlying source is State Farm's own record (a party-opponent's own statements, non-hearsay under FRE |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | | 801(d)(2)), any personal-knowledge concern is not a basis for exclusion. |
| 6 | ¶ 12 ("After the inspection the adjuster asked her supervisor about potentially seeking permission to break into the foundation, but State Farm never pursued the point"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge of an internal State Farm conversation between an adjuster and supervisor. | This description is based on State Farm's own claim file notes produced in discovery, which are State Farm's own business records and party-opponent statements (FRE 801(d)(2)) that counsel reviewed in his role as counsel of record—not speculation. It is not offered for the truth of any statement between the adjuster and supervisor, but to describe the documented sequence of claim-handling events reflected in State Farm's own file. |
| 7 | ¶ 15 ("Both Servpro... and Exact Leak Detection... told State Farm there was no evidence of | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** Hearsay recitation of third-party statements to State Farm; no | This paragraph describes information in State Farm's own claim file at the time of denial—a party-opponent's own business record, FRE 801(d)(2)—offered to show what information was available to State Farm when it denied the claim (relevant to notice and the |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | any long-term leak such as microbial growth, deteriorated building components, or buckled floors”). | personal knowledge of the communications. | reasonableness of the denial, not offered for the truth of the vendors’ underlying findings). Counsel’s review of State Farm’s own produced claim file supplies the FRE 602 foundation. |
| 8 | ¶ 16 (“all evidence shows the loss was inside the foundation”; the CRSL exclusion is “generally aimed at long-term slow leaks, not failed pressurized supply lines”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); Fed. R. Evid. 401–403 (Relevance).** Counsel’s characterization of a disputed coverage issue as established fact; argument on the merits of the underlying | Plaintiffs do not offer ¶16 to adjudicate coverage in this discovery motion; that is for a jury. It is offered solely to establish the relevance nexus between the two policy exclusions at issue and the training/guideline and other materials sought—precisely the question presented by the Motion. To the extent the Court considers the sentence advocacy rather than fact, Plaintiffs do not oppose the Court treating it as argument in the accompanying memorandum rather than as declaration evidence; the |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | coverage dispute not relevant to this discovery motion. | remaining, undisputed procedural facts in the paragraph are unaffected. |
| 9 | ¶ 30(b) (evidence "previously obtained by my firm and others demonstrate a consultant-driven effort... which manifested in a large number of baseless water loss denials in this state, as occurred here"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 802 (Hearsay); C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Speculation and argument regarding an alleged systemic scheme and its application to the Myles claim, not personal knowledge. | This paragraph summarizes the basis for one category of the document requests at issue, grounded in Mr. Schaffer's litigation of *Wise*, *Tong*, *Pachall*, *Savas*, and the Oklahoma matters, and his review of the documents produced in those cases (*see* Response to Threshold Objection C, incorporated here). That is personal, percipient litigation experience, not speculation (Schaffer Decl., ¶¶32-52, 78-80, 83-115), and is properly considered on a discovery motion to establish relevance. The phrase "as occurred here" is intended, and should be understood, as reflecting Plaintiffs' allegation (SAC ¶¶33-37) rather than an adjudicated fact; the Court need not treat it as more than that to consider the paragraph. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 10 | ¶ 32 (State Farm has "a proven pattern of obstructing discovery... and thereby obtaining strategic advantage—namely, delay"). | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance); C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Counsel's characterization of findings in an unrelated case, *Tong v. State Farm*, are not evidence of State Farm's conduct or intent in this case. *See* Part I.D; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). | This paragraph quotes and cites the *Tong* Court's own published holding, *Tong v. State Farm*, 2024 WL 5472414, *12-13 (C.D. Cal. Dec. 20, 2024)—a citation to legal authority, not a factual assertion requiring extrinsic proof. State Farm's own threshold objection concedes the Court may take judicial notice of the existence and disposition of *Tong*, FRE 201(b)(1)-(2), which is the only use Plaintiffs make of it here: to show what this Court held about this same defendant's discovery conduct in a claim with nearly identical facts, offered as persuasive authority bearing on the credibility of State Farm's anticipated burden objections in this case—precisely as State Farm's own Opposition does with the same authority (Oppo. at 19-21). |
| 11 | ¶¶ 34–39 (Wise/Russell v. State Farm, | **Fed. R. Evid. 402, 403 (Relevance), 802 (Hearsay);** | As Mr. Schaffer was counsel of record in *Wise* (¶34), this is firsthand, personal-knowledge testimony about |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | N.D. Cal. No. 4:23-cv-00163-HSG, offered as evidence that "as here," State Farm engaged in the same claim-handling and discovery conduct). | **C.D. Cal. L.R. 7-7 (Argumentative/ Non-Evidentiary Matter).** Allegations and conduct in an unrelated case involving a different insured, loss, and record are not evidence of what occurred here. *See* Part I.D; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). | litigation he personally conducted, which State Farm's Opposition concedes is a proper basis for a counsel declaration ("Counsel may competently describe...litigation in which he participated," Oppo. at 11, citing Schaffer Decl., ¶¶3-4, 24-30). It is offered to establish Plaintiffs' good-faith basis for the requests and the proportionality of the discovery sought (FRCP 26(b)(1)), not to relitigate *Wise*'s merits. Exhibits F and G, discussed in these paragraphs, are documents Mr. Schaffer personally received, reviewed and/or drafted as counsel of record in that very case, satisfying FRE 901(b)(1). |
| 12 | ¶¶ 40–47 (Tong v. State Farm, C.D. Cal. No. 2:24-cv-02219-DSF-MAR, described as | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance), 802 (Hearsay); *Khoja v. Orexigen Therapeutics, Inc.*,** | Same response as No. 11 — Mr. Schaffer was counsel of record in *Tong* and personally litigated and obtained the order he describes. The *Tong* order itself is judicially noticeable as to its existence and disposition, which State Farm's own |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | "identical" to this case and offered to prove State Farm's conduct and "pattern of discovery misconduct" here). | **899 F.3d 988, 999 (9th Cir. 2018).** Judicial notice, if any, is limited to the existence and disposition of *Tong*, not the truth of its disputed factual findings as applied here. *See* Part I.D. | objection concedes (Part I.D), and is precisely the use Plaintiffs make of it: to show what discovery another court compelled this defendant to produce, on similar requests, as evidence bearing on proportionality here. *Khoja* is not to the contrary; Plaintiffs do not ask the Court to notice disputed factual allegations within *Tong* for their truth, only the fact and content of the order itself. |
| 13 | ¶¶ 48–50 (Pachall v. State Farm, San Diego Superior Court No. 37-2022-00044176, offered to prove State Farm's conduct here). | **Fed. R. Evid. 201 (Limits on Judicial Notice), 402, 403 (Relevance), 802 (Hearsay).** A state-court ruling in an unrelated matter does not establish disputed facts or discoverability in this action. *See* Part I.D. | Same response as Nos. 11-12. Mr. Schaffer's role in *Pachall* is independently confirmed by State Farm's own Hoffman Declaration, Ex. J (attaching Mr. Schaffer's own sworn declaration filed in that case), which forecloses any suggestion that ¶¶48-50 rest on anything but his personal litigation experience. The *Pachall* order (Ex. H) is a public court record, self-authenticating under FRE 902(4). |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
| --- | --- | --- | --- |
| 14 | ¶ 51 ("State Farm has been nothing if not true to form here"). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Argumentative characterization, not fact. *See* Part I.B. | Plaintiffs agree this single sentence is rhetorical framing rather than a factual assertion and do not oppose the Court disregarding it as argument reserved for the memorandum. It has no bearing on the paragraphs that follow, each of which is independently supported. |
| 15 | ¶ 52 ("State Farm's serial Rule-violative responses... continue precisely the conduct this Court found wanting in Tong"). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402** | This paragraph draws a comparison between State Farm's responses here (Exs. B, C, E, S—documents in the record) and the conduct *Tong* described, based on Mr. Schaffer's personal litigation of both cases. See Responses Nos. 10-12. To the extent the comparative characterization is considered argument, Plaintiffs do not oppose treating it as such while |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | **(Relevance).** Legal conclusion regarding Rule compliance and improper comparison to an unrelated case. *See* Part I.B, D. | the Court considers the underlying, undisputed procedural facts (the existence, dates, and content of Exhibits B, C, E, and S). |
| 16 | ¶ 60 (State Farm "routinely asserted... good faith efforts" while, in counsel's characterization, never narrowing its position on water-initiative documents). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Speculation as to State Farm's intent and good faith in drafting discovery positions. | Mr. Schaffer personally attended and argued at the August 17, 2026 IDC referenced in this paragraph, which State Farm's Opposition confirms (Oppo. at 5-6, describing counsel's statements at that same IDC). His description of the parties' conferral positions is firsthand, not speculative, and is corroborated by State Farm's own concession that its conferral efforts were confined to training/guidelines documents (Oppo. at 18: "Plaintiffs already have the relevant Operation Guides, Standard Claim Processes and Jurisdictional References"). |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 17 | ¶ 62 (State Farm's response contains "intentionally vague language promising to do more, without providing a timeline or any meaningful specificity"). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Speculation as to State Farm's intent in drafting a discovery response; the response speaks for itself. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). | The paragraph quotes State Farm's own written discovery response verbatim (Ex. E, pp.34:26-35:2)—a party-opponent statement, FRE 801(d)(2), not speculation—and the quoted language is available for the Court's own comparison. Plaintiffs do not oppose the Court disregarding the word "intentionally" as an inference about State Farm's subjective purpose while crediting the objective, verifiable description of what the response does and does not say. |
| 18 | ¶ 67 ("far more revealing of State Farm's | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701** | Plaintiffs do not oppose the Court treating this characterization as argument for the accompanying memorandum rather than declaration |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | obstructive litigation strategy”). | **(Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Argument characterizing litigation strategy, not fact. | evidence. The factual predicate for the characterization—that State Farm again promised further searches without committing to a production date (quoting Ex. S, p.35:16-20)—is drawn directly from the exhibit and is independently admissible. |
| 19 | ¶ 69 (“The violations of Rule 34(b)(2)(B) and (C) are unmistakable... State Farm makes a centerpiece of its litigation strategy”). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Legal conclusion regarding Rule compliance and speculation as to litigation strategy. | Plaintiffs do not oppose the Court disregarding “unmistakable” and “centerpiece of its litigation strategy” as legal conclusion/argument. The underlying factual point—that Rule 34(b)(2)(B) and (C) require a statement of whether responsive documents are being withheld, and that State Farm’s responses (Exs. B, C, E, S) do not include one—is a straightforward, verifiable comparison of the Rule’s text to documents in the record, not opinion. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 20 | ¶ 78 ("as has been true of every State Farm case I have litigated, the insurer here produced thousands of duplicative and non-responsive documents"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402 (Relevance).** Generalization from unrelated cases offered as proof of conduct here. | This is Mr. Schaffer's firsthand account of a pattern he has personally observed across the multiple State Farm cases he has litigated (*Wise*, *Tong*, *Pachall*, *Savas*), identified throughout the Declaration. That is permissible lay-opinion testimony under FRE 701—rationally based on the witness's own perception and helpful to the Court's understanding of the pattern alleged—not improper generalization. *See* Response to Threshold Objection C. |
| 21 | ¶ 79 ("The production of thousands of pages of worthless documents is part of State Farm's strategy"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to | *See* Response No. 20. Notably, State Farm's Opposition does not move to strike this characterization but substantively disputes it on the merits, arguing the volume resulted from Plaintiffs' own broad requests (Oppo. at 20-21)—confirming State Farm treats the underlying factual predicate (the volume and categories of non-responsive documents produced, itemized in ¶78) as a |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | corporate intent and strategy. | matter for argument on the merits, not exclusion. |
| 22 | ¶ 80 ("in all of my State Farm cases, the carrier always produces the same bundle of non-responsive documents... which strongly suggests the nonsense productions are not inadvertent, but are part of a well-worn plan"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 402 (Relevance).** Counsel's inference regarding intent, drawn from experience in other cases, is not witness testimony. | *See* Responses Nos. 20-21. Firsthand pattern testimony from counsel's own repeated litigation experience against this same defendant, offered as lay opinion under FRE 701, not as expert testimony. |
| 23 | ¶ 82 ("It seems reasonable to think... the insurer knows | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701** | Plaintiffs agree the ultimate sanctionability determination is for the Court based on the full record and briefing, not this sentence, and do not |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | its conduct here is improper. Its continuing reliance on these tactics is sanctionable conduct”). | **(Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm’s subjective knowledge; improper legal conclusion regarding sanctionability. | oppose the Court disregarding “sanctionable” as a legal opinion. The preceding inference—that a defendant charged with a prior court’s express findings about its own discovery conduct (*Tong*) may reasonably be presumed aware of them—rests on the undisputed existence of the *Tong* order and is not speculation about an unknowable mental state. |
| 24 | ¶ 83 (Ex. I “is a true and correct copy” of the discovery responses in Jacobs v. State Farm General Insurance Company, | **Fed. R. Evid. 901 (Authentication/Lack of Foundation).** Counsel’s own attestation does not authenticate a document as to which he lacks personal | Mr. Schaffer personally obtained Exhibit I and attests to its authenticity based on that personal handling, which satisfies FRE 901(b)(1) under the low bar FRE 901(a) sets: “evidence sufficient to support a finding.” State Farm’s own Opposition brief quotes and characterizes Exhibit I’s substance at length (Oppo. at 10) without ever |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | 22STCV23446). | knowledge. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002). *See* Part I.E. | disputing that it is a genuine State Farm discovery response—a party's substantive reliance on a document is itself circumstantial evidence of authenticity it cannot simultaneously disclaim. |
| 25 | ¶ 84 (Jacobs responses show State Farm "acknowledged systemic efforts, what have become known as initiatives across states, perils, and State Farm departments, to drive down loss adjustment expenses"). | **Fed. R. Evid. 802 (Hearsay), 701 (Improper Lay Opinion).** Counsel's characterization of an unrelated case's discovery responses, offered for the truth of a purported systemic scheme. | The *Jacobs* discovery responses are State Farm's own prior statements—a party-opponent's own statement is non-hearsay under FRE 801(d)(2) regardless of the proceeding in which it was made. The characterization of what the document says is verifiable against Exhibit I itself, which is in the record for the Court's own review; State Farm's Opposition does not dispute that Exhibit I describes a "water initiative" beginning around 2017 (Oppo. at 10). |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 26 | ¶ 85 ("State Farm's fondness for generic titles and deep wells of acronyms seems intended to avoid scrutiny"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm's intent in naming internal programs. | The list of initiative names in ¶85 is a factual recitation drawn from documents produced across the referenced litigation. Plaintiffs do not oppose the Court disregarding "seems intended to avoid scrutiny" as inference/argument while crediting the factual list itself, which is independently corroborated by Exhibit U (e.g., p.48, showing senior managers directing removal of the word "targets" from an internal presentation). |
| 27 | ¶¶ 87–88 ("words like 'quality', 'accuracy', and 'consistency' are used to telegraph management goals... about | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Counsel's | Counsel's interpretation of State Farm's recurring internal terminology is lay opinion under FRE 701—rationally based on his review, across nearly a decade of litigating water-loss bad-faith cases against this same insurer, of the documents in which State Farm itself uses these terms (*see* Ex. U)—and does not require the specialized expertise that triggers |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | financial outcomes"; such terms "always" reflect an emphasis on financial outcomes). | interpretation of internal corporate terminology requires specialized knowledge for which no foundation has been laid. | FRE 702, any more than a longtime business associate's interpretation of a company's internal shorthand would. On a discovery motion, this threshold relevance showing does not require expert qualification. |
| 28 | ¶¶ 90–95 (*Wise* and *Mojica v. State Farm*, S.D. Cal. No. 3:22-cv-1997-L-DDL, including deposition testimony of Sandra Moriarty, Ex. P, offered to prove the existence of a | **Fed. R. Evid. 802 (Hearsay), 402, 403 (Relevance).** Testimony and characterizations from unrelated litigation offered for the truth of a purported scheme. *See* Part I.D. | Sandra Moriarty is a witness that State Farm's own counsel personally deposed in *Mojica*; State Farm's own Hoffman Declaration (filed ISO its Opposition) attaches the same deposition as its own Exhibit L, confirming its authenticity and existence. The testimony is offered to show what the witness said in litigation against this defendant, relevant to proportionality and Plaintiffs' good-faith basis for the requests—not for the truth of any disputed fact about the Myles claim specifically. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | "scheme" in this case). | | |
| 29 | ¶¶ 93–94 (*Thompson*, *Gunaji*, *Jarvis*, *Fittingoff*, and *Nargizyan v. State Farm*, 120 Cal.App.5th 581 (2026), cited as evidence that "the same bad faith conduct" occurred in Myles). | **Fed. R. Evid. 402, 403 (Relevance), 802 (Hearsay).** Allegations and outcomes in unrelated cases involving different insureds and claims are not evidence of what occurred in the Myles claim. | These are citations to published (*Nargizyan*, 120 Cal.App.5th 581) and Westlaw-reported federal orders—self-authenticating public records, FRE 902(4), and citations to legal authority rather than "evidence" subject to hearsay analysis at all. They are offered, as any case citation would be, to show that other courts have addressed comparable allegations against this defendant. |
| 30 | ¶¶ 101–107 (Tong requests for production and order compelling production, Ex. J, offered | **Fed. R. Evid. 402, 403 (Relevance), 201 (Limits on Judicial Notice); Fed. R. Civ. P. 26(b)(1) (Proportionality).** | *See* Responses Nos. 10, 12. The *Tong* order is judicially noticeable as to its existence and disposition (which State Farm's own threshold objection concedes) and is offered to show that a court considering the identical categories of requests ordered |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | to prove discoverability of the categories sought here). | A discovery order in an unrelated case involving different requests and a different record does not establish relevance or proportionality here. *See* Part I.D. | production—directly relevant to the proportionality analysis this Motion presents, not offered to establish disputed facts within *Tong*. |
| 31 | ¶ 106 ("It has since become public knowledge that... Accenture[] is another outside entity responsible for providing consulting to State Farm on these issues"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 802 (Hearsay).** No personal knowledge; hearsay assertion of "public knowledge." | This statement is independently corroborated by admissible evidence already in the record—Exhibit U itself (the Manduca/Jokerst instant-message transcript, a State Farm business record) expressly discusses Accenture's role (e.g., p.16: "So Accenture reps will be on the workshop calls?"). The reference to public reporting is offered as background, not as the sole evidentiary basis for Accenture's involvement, which rests independently on Exhibit U. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| 32 | ¶¶ 108–115 (*Savas v. State Farm*, Los Angeles Superior Court No. 21STCV03286, offered to prove State Farm's conduct here). | **Fed. R. Evid. 402, 403 (Relevance), 201 (Limits on Judicial Notice), 802 (Hearsay).** A state-court discovery dispute involving a different claimant and record does not establish disputed facts in this action. *See* Part I.D. | *See* Responses Nos. 10-13, 30. Offered for the same proper purpose—to show another court's disposition of comparable requests against this defendant—which is judicially noticeable and relevant to proportionality. |
| 33 | ¶¶ 117–126 (*West v. State Farm Fire and Casualty Company*, Comanche County, Oklahoma No. CJ-2025-135, and *Hursh v. State Farm*, | **Fed. R. Evid. 401–403 (Relevance), 201 (Limits on Judicial Notice), 802 (Hearsay); Fed. R. Civ. P. 26(b)(1) (Proportionality).** Different peril, jurisdiction, and record; limited | Same response as Nos. 10-13, 30, 32. These paragraphs are offered to show that courts in other jurisdictions, confronting the same defendant and the same alleged systemic conduct (albeit as to different perils), reached comparable discovery rulings—relevant background on proportionality and Plaintiffs' good-faith basis for the breadth of the requests, not offered to prove |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | Oklahoma County No. CJ-2025-2626, wind/hail rulings and de-designation orders offered to support discoverability of California water-loss materials here). | relevance and risk of confusion. *See* Part I.D. | disputed wind/hail-specific facts in this water-loss case. |
| 34 | ¶ 129 ("based on my litigation of other State Farm cases, my review of the public pleadings from many cases... it is possible to describe with | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Express acknowledgment that the basis for | This is the paragraph in which Mr. Schaffer expressly identifies his basis of knowledge—his own litigation experience and document review—precisely the basis State Farm's own Opposition brief concedes is proper for a counsel declaration ("Counsel may competently describe matters he personally handled...and litigation in which he participated," Oppo. at 11). An express, candid statement of basis |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | increasing specificity and detail State Farm's systemic efforts...”). | counsel's testimony is his litigation experience and review of other cases, not personal knowledge. *See* Part I.C. | is a reason to credit the testimony, not to exclude it. |
| 35 | ¶ 133 (interpreting “opportunity” in the Manduca/Jokerst exchange, Ex. U, as meaning “chances to save State Farm money by paying less benefits”). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Counsel's interpretation of a document he did not author and of which he has no personal knowledge of the participants' intended meaning. | This is lay-opinion interpretation of a document already in the record, grounded in the surrounding context of that same exhibit—e.g., Ex. U at pp.15, 17, where State Farm personnel use “opportunity” in the identical sense as applied to water losses. *See* Response No. 27. |
| 36 | ¶ 139 (Accenture “built” | **Fed. R. Evid. 602 (No Personal Knowledge /** | This is Mr. Schaffer's paraphrase of Exhibit U's own content (pp.11, 50), a State Farm business record already |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | predictive models and AI used in State Farm's audits). | **Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** No foundation for specialized testimony regarding the origin or function of analytical tools or software. | in the record for the Court's independent review—not an expert opinion offered in a vacuum. To the extent the Court finds the paraphrase imprecise, the underlying exhibit controls and the paragraph may be read as directing the Court to it. |
| 37 | ¶ 147 ("'Errors' never mean that State Farm improperly denied a loss or underpaid for repairs and other benefits due"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Categorical assertion regarding the meaning of internal terminology, | This describes the terminology used within Exhibit U itself, which distinguishes "errors"/"findings" as overpayments. It is a description of what the produced document shows, permissible under FRE 701; any dispute about the correct reading of Exhibit U is a matter for argument and reply, not a ground for exclusion of counsel's description. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | offered without foundation. | |
| 38 | ¶ 149 ("[T]he documents will eventually show" that reinspection "involves an internal audit of claim outcomes, which audits are driven by consultant-created predictive models and AI"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Speculation about the contents of documents not yet in evidence; no foundation for opinion regarding analytics or AI. | By its own terms ("will eventually show"), this paragraph is explicitly framed as an inference about the anticipated content of documents not yet produced—precisely the relevance showing a motion to compel requires, not a present-tense factual assertion offered for its truth. It is offered only to establish the relevance of the requested category of discovery. |
| 39 | ¶ 150 ("State Farm assiduously sticks to its acronyms and euphemistic | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D.** | This characterization is grounded in, and immediately followed by a citation to, Exhibit U itself (p.48), which documents senior managers directing removal of the word "targets" from an internal |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | phrasing" to disguise its objectives). | **Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to corporate intent. | presentation. The characterization is not free-floating speculation but a description of a specific, cited document already in the record. |
| 40 | ¶¶ 151–153 (describing State Farm's "initiatives" as unified efforts targeting "coverage," "scope," "estimate writing," "estimate reconciliation," "authority reductions," and "claim closure pressure" across perils | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion), 702 (Improper/Undisclosed Expert Opinion).** Sweeping characterization of corporate-wide practice without personal knowledge or disclosed expertise. | This synthesis is expressly cited to Exhibit U (pp.54-56), a State Farm document already in the record. *See* Response No. 27 (lay-opinion interpretation of a party-opponent's own documents, grounded in extensive personal litigation experience, does not require Rule 702 qualification). |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | and jurisdictions). | | |
| 41 | ¶ 155 ("State Farm knows that the initial response is improper and that eventually it will have to expand its production"). | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm's subjective knowledge. | Plaintiffs do not oppose the Court treating "State Farm knows" as an inference rather than a factual assertion of subjective mental state. That inference rests on the undisputed fact, set out in the surrounding paragraphs, that the identical legal position was already rejected in *Tong* and *Pachall* (*see* ¶156)—a party is properly charged with knowledge of controlling and persuasive authority against its own litigation position, which is a permissible inference, not speculation. |
| 42 | ¶ 157 ("even though it knows it is likely to lose the issue, State Farm asserts the position | **Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion); C.D. Cal. L.R. 7-7** | Same response as No. 41. |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | because that requires the filing of a motion to compel, which delays production”). | **(Argumentative/Non-Evidentiary Matter).** Speculation as to State Farm’s subjective knowledge and litigation motive. | |
| 43 | ¶ 159 (“State Farm expressly refuses to state... it will search for and produce all documents”, characterized as knowing noncompliance with Rule 34). | **C.D. Cal. L.R. 7-7 (Argumentative/Non-Evidentiary Matter); Fed. R. Evid. 602 (No Personal Knowledge / Foundation), 701 (Improper Lay Opinion).** Legal argument regarding compliance with Rule 34, not fact. | This paragraph describes, and is directly verifiable against, State Farm’s own written discovery responses already in the record (Exs. B, pp.32:8-45:28; C, pp.32:15-48:16; E, pp.38:25-59:27)—a party-opponent’s own statements, FRE 801(d)(2). Contrary to State Farm’s characterization of the objection, the paragraph’s text contains no assertion about State Farm’s subjective knowledge or intent; it is an objective, verifiable description of what the responses do and do not say. |
| 44 | Exhibits F, G, and I, and any | **Fed. R. Evid. 901 (Authentication/L** | The presence of counsel’s own working annotations on a litigation |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | other prior-litigation exhibit bearing embedded annotations attributed to "dylan," including an annotation within Exhibit I bearing a creation date preceding counsel's stated 2024 discovery of the underlying document (¶ 83). | **ack of Foundation), 106 (Rule of Completeness).** Provenance and authentication concern; the copies are not shown to be pristine, unaltered originals, and any markup should not be attributed to State Farm absent competent authentication. *See* Part I.E. | working copy does not render the underlying substantive content inauthentic, and State Farm identifies no instance in which any annotation altered an exhibit's operative text. The annotations are for the Court's convenience and contain no substantive contents. Counsel in federal matters routinely provide such highlights to assist courts in reviewing voluminous documents. Should the Court direct, Plaintiffs will substitute clean, unmarked copies. This concern is also not unique to Plaintiffs' filings: State Farm's own Hoffman Declaration misstates the Bates number of its own Exhibit A in the declaration's text (reciting "SF-CF0000055" where the attached document is actually stamped "SF-CF0000012"-"SF-CF0000013"), and State Farm's own Exhibit F to that declaration is a document bearing a substantial redaction block. Isolated labeling |

| No. | Evidence Objected To | Objection and Grounds | Plaintiffs' Response |
|---|---|---|---|
| | | | irregularities or visible markup, without more, are not evidence of substantive alteration on either side's exhibits. |

Date: September 16, 2026

/s/Nicholas J. Peterson
Nicholas J. Peterson
Counsel for Plaintiffs