SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
jhoffman@sheppard.com
MADALYN MACARR, Cal. Bar No. 301539
mmacarr@sheppard.com
SARAH A. K. BLITZ, Cal. Bar No. 280118
sblitz@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendant.

Case No. 2:26-cv-00452-CAS (MBKx)

*Assigned to Hon. Christina A. Snyder*

DISCOVERY MATTER
Magistrate Judge Michael B. Kaufman

**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF THIRD-PARTY SERVPRO OF LENNOX**

[*Declaration of Madalyn Macarr submitted concurrently herewith*]

Hearing Date: November 4, 2026
Time: 10:00 a.m.
Courtroom: 255 E. Temple Street
Courtroom 550 (5th Floor)
Los Angeles

Trial Date: October 12, 2027

Defendant State Farm General Insurance Company ("State Farm") respectfully submits this Response to Plaintiffs Kathy Myles and Willie Daniels' (collectively, "Plaintiffs") *Unopposed Motion to Compel the Deposition of Third Party Servpro of Lennox* ("Servpro") (the "Motion").

**A. <u>State Farm Does Not Oppose the Motion</u>**

State Farm does not oppose the Motion and agrees that the deposition of Servpro is necessary and appropriate in this case. State Farm joins Plaintiffs in requesting that the Court compel Servpro's appearance at deposition.

**B. <u>State Farm Respectfully Requests That the Deposition Be Conducted In Person</u>**

While State Farm does not oppose compelling Servpro's deposition, State Farm respectfully submits that Plaintiffs' unilateral designation of the deposition as a remote videoconference deposition is premature and potentially inappropriate under the circumstances. To State Farm's knowledge, no party has confirmed whether Servpro's anticipated witness has remote appearance capabilities or the technical infrastructure necessary to participate in a videoconference deposition. Accordingly, a remote format cannot simply be assumed.

State Farm further notes that since Plaintiffs filed their Motion, State Farm's counsel has made no fewer than six (6) separate attempts to contact Servpro regarding the scheduling and logistics of this deposition, all of which have gone unanswered to date. (*See* Declaration of Madalyn Macarr ("Macarr Decl.") ¶ 2). Given Servpro's lack of responsiveness, it would be improvident to presume that the witness possesses or will be prepared to utilize remote deposition technology. Moreover, the Ninth Circuit has held that a court cannot compel appearance where the subpoena designates a remote deposition *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023).

In the interest of efficiency and the convenience of the witness, State Farm's counsel is willing and able to make available its Los Angeles office as a location for

the deposition to be conducted in person, should that prove more convenient for Servpro's witness. An in-person deposition would eliminate any uncertainty regarding remote technology and ensure a complete and orderly examination of the witness.

**C. Conclusion**

For the foregoing reasons, State Farm does not oppose the Motion to Compel but respectfully requests that the Court order the deposition of Servpro to be conducted in person, or alternatively, that the Court decline to specify the format of the deposition, leaving the parties to confer and agree upon a format that accounts for the witness's actual capabilities and circumstances.

Dated: October 9, 2026 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *Jennifer M. Hoffman*

JENNIFER M. HOFFMAN
SARAH A.K. BLITZ
MADALYN MACARR
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY