J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, Suite 900
Oakland, California 94612
Telephone: (510) 379-5801
service@kslaw.us

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No.: 2:26-cv-00452-CAS-MBK

**DISCOVERY MATTER**
Magistrate Judge Michael B. Kaufman

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF THIRD-PARTY SERVPRO OF LENNOX**

Hearing Date: November 4, 2026
Time: 10:00 a.m.
Courtroom: 255 E. Temple St., Los Angeles, Courtroom 550, 5th Floor
2nd Amended Complaint: 3/16/2026
Discovery Cutoff: 4/15/2027

Plaintiffs submit this Reply in further support of their Motion to Compel (Dkt. 52) (the "Motion") to confirm that nonparty Servpro of Lennox ("Servpro") was properly served with the Motion and did not respond, and to address Defendant State Farm General Insurance Company's ("State Farm") request for an in-person deposition (Dkt. 60).

## I. Servpro was Properly Served and Did Not Respond.

Plaintiffs have used every Rule 5 method available to provide Servpro notice of this Motion. On October 2, 2026, Plaintiffs mailed the Motion and all supporting papers to Servpro's business address as well to the residence of its owner, Ruben Sustar. FRCP 5(b)(2)(C); Supplemental Declaration of Nicholas J. Peterson ("Supp. Peterson Decl.") ¶4, Ex. D [Dkt. 65]. On October 6, 2026, their process server also hand-delivered the same papers to a clerk at Servpro's office and to Mr. Sustar personally. FRCP 5(b)(2)(A), (B)(i); Supp. Peterson Decl. ¶5, Ex. E [Dkt. 66]. Both methods were timely under Local Rule 6-1.

Servpro's opposition deadline for this Motion was October 14, 2026. L.R. 7-9. Nothing was filed on its behalf. As such, Servpro's silence may be deemed consent to granting the Motion. L.R. 7-12.

## II. The Deposition Should Proceed Remotely, as Noticed.

State Farm joins in the request to compel, but asks the Court to force the deposition to occur in person at its counsel's Los Angeles office or, alternatively, to leave the format to the parties. (Dkt. 60 at 2–3.) Neither request has merit.

First, it is the *noticing* party that sets "the time and place of the deposition" (FRCP 30(b)(1)), and the Court may order it taken "by telephone or other remote means," (FRCP 30(b)(4)). Plaintiffs noticed this deposition by Zoom from the outset

(Dkt. 52-2, Ex. C at 3:10–13; Dkt. 52-3 ¶3). Servpro has not objected to the remote nature of the deposition. (Supp. Peterson Decl. ¶8.) State Farm—who is neither the moving nor the subpoenaing party—did not object until now; instead, State Farm's counsel attended the August 21 Servpro deposition by Zoom without objection. (Dkt. 52-2, Ex. C at 2; Supp. Peterson Decl. ¶8.)[1]

Second, remote testimony best honors Plaintiffs' duty to "avoid imposing undue burden or expense" on the nonparty. FRCP 45(d)(1). Servpro is in Riverside, more than 50 miles from State Farm's counsel's office; testifying remotely, its designee need not travel at all. State Farm's proposal would send the designee to downtown Los Angeles and back, and Plaintiffs' counsel 375 miles from their Oakland office, solely for State Farm's counsel's convenience. (Supp. Peterson Decl. ¶9.)

Third, State Farm's stated concern that Servpro may lack the "technical infrastructure" for a videoconference (Dkt. 60 at 2) is speculation. Servpro is an operating business with the technical infrastructure for both texting and emailing. (Dkt. 52-2 ¶12, Ex. B; Dkt. 60-1 ¶2.) At no point has Servpro ever claimed it cannot appear remotely; its only stated reason for not appearing was that its owner "can't make it." (Dkt. 52-2 ¶12.)

Fourth, State Farm's cited case, *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023), does not hold that "a court cannot compel appearance where the subpoena designates a remote deposition." (Dkt. 60 at 2.) *Kirkland* held that Rule 45(c)'s 100-mile limit

---

[1] If a Rule 30(b)(4) order is required to allow the deposition to occur remotely, Plaintiffs request one by this Motion.

applies to remote *trial* testimony, measured from the courthouse. *Id.* at 1042–47. It also noted that "unlike trials, there is no ordinary or mandated location for depositions." *Id.* at 1045. A remote deposition "takes place where the deponent answers the questions," FRCP 30(b)(4)—here, Riverside, within this District.

Finally, leaving the format open would only invite more delay. The Court has already noted its preference for remote over in person depositions, where possible. (Supp. Peterson Decl. ¶10.) A specific order ensures any further noncompliance can be addressed under Rule 45(g).

## CONCLUSION

The Court should grant the Motion and order Servpro's Rule 30(b)(6) designee to testify by Zoom, as noticed, within 45 days after its ruling, on at least 14 days' notice by amended subpoena with the Zoom login.

**L.R. 11-6.2 Certificate:** The undersigned counsel for Plaintiffs certifies that this brief contains 663 words, which complies with Local Rule 11-6.1.

Date: October 19, 2026

/s/ Nicholas J. Peterson
Nicholas J. Peterson
Counsel for Plaintiffs