J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIE DANIELS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:26-cv-00452-CAS-MBK<br><br>**DISCOVERY MATTER**<br><br>Magistrate Judge Michael B. Kaufman<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING STATE FARM'S EX PARTE APPLICATION (ECF NO. 82)**<br><br>Date: December 14, 2026<br>Time: 10:00 a.m.<br>Courtroom: 550 (5th Floor)<br><br>2nd Amended Complaint: 3/16/2026<br>Discovery Cutoff: 4/15/2027<br>Trial Date: 10/12/2027 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

When State Farm asked this Court for emergency relief, it made a promise. It wanted only a "short interim restriction" on public access to Plaintiffs' supplemental filing, and it told the Court three times when that restriction would end: State Farm would withdraw its sealing request if (1) the *Hursh* court in Oklahoma denied a pending motion for reconsideration and (2) no writ relief was pursued. (ECF No. 77 at 2:18-20, 6:17-22, 7:15-18.) The Court granted the application on November 2, 2026. (ECF No. 82 (the "Order").)

The first of those things happened on October 28. As for the second, seven weeks have passed since the *Hursh* court removed the documents' confidentiality designation and nearly three weeks since it refused to reconsider, and no writ has been sought. Yet State Farm will not say whether one ever will be, when it believes the time to seek one runs out, or when it will withdraw its sealing request as promised. Its counsel's latest word, on November 11, is that she has "not received new information" about whether a writ will be pursued "or whether the time to do so has passed." (Declaration of Dylan L. Schaffer ("Schaffer Decl.") Ex. B, p.1.)

A promise that the promisor alone decides when to keep is no promise at all. Whether or not the time to seek a writ has technically expired, State Farm's conduct since the Order is a new material fact warranting reconsideration under Local Rule 7-18(b): the "short interim restriction" it asked for has become an open-ended one. Plaintiffs have complied with the Order and do not ask the Court to revisit whether L.R. 79-5.2.2(b) should have been followed in the first instance. They ask that State Farm be held to its word—or, at a minimum, that the Court set the date State Farm refuses to provide.

## II. BACKGROUND

### A. State Farm Promises to Withdraw Its Sealing Request.

Plaintiffs' supplemental filing in support of their motion to compel (ECF

Nos. 75, 75-2) includes documents Bates-numbered HUR00061158–HUR00061176 (the "Documents"), which State Farm's affiliate, State Farm Fire and Casualty Company ("State Farm Fire"), produced in *Hursh v. State Farm Fire & Casualty Co.*, No. CJ-2025-2626 (Okla. Dist. Ct., Okla. Cnty.). On September 28, 2026, the *Hursh* court ordered their confidentiality designation removed. (ECF No. 77 at 2:1-3.)

On October 27, State Farm applied ex parte for an order restricting public access to the filing. (ECF No. 77 (the "Application").) It did not ask the Court to find the Documents confidential; the Application "does not seek a ruling on the confidential nature of the Documents." (Application at 2:17-18.) Its stated ground was that a motion to reconsider the de-designation order "remain[ed] pending" in *Hursh*. (1:8-10.) State Farm asked "only for a short interim restriction" (6:17-18), and represented: "If the *Hursh* court denies the pending motion for reconsideration and no writ relief is pursued regarding the same, the sealing request will be withdrawn in this action." (2:18-20; *see also* 6:20-22, 7:15-18.)

The *Hursh* court denied reconsideration the next day. (ECF No. 79 at 1:2-4.) State Farm did not withdraw the Application; when asked to, its counsel declined because she was "not informed that a decision to not pursue writ or other extraordinary relief has been made on the issue, or that the time to pursue such relief has run." (Schaffer Decl. ¶3 & Ex. A at 3.) On November 2, the Court granted the Application, directed the Clerk "to temporarily restrict docket entries ECF 75 and ECF 75-2 from public access," and ordered Plaintiffs to resubmit the filing under L.R. 79-5.2.2(b) with the Documents redacted. (ECF No. 82 at 2:14-20.) Plaintiffs did so on November 11, filing redacted versions on the public docket and unredacted versions under seal. (Schaffer Decl. ¶13; ECF Nos. 85, 86.)

### B. State Farm Has Sought No Writ and Will Not Say Whether or When It Will.

The first condition was satisfied on October 28. As to the second, State Farm

Fire has sought no writ from either *Hursh* ruling. (Schaffer Decl. ¶12.)

Since the Order, Plaintiffs have asked State Farm—in writing on November 4, 5, and 11, and at the parties' November 9 conference—whether a writ will be sought in *Hursh*, when State Farm will regard the "no writ" condition as satisfied, and when it will withdraw its sealing request. (Schaffer Decl. ¶¶5-11 & Ex. B.) State Farm has provided no answer, no date, and no timeframe. On November 9, its counsel wrote that there is no "valid basis for reconsideration." (Ex. B, p.3.) On November 11, she wrote that she had still "not received new information regarding whether State Farm Fire would pursue writ or other extraordinary relief, or whether the time to do so has passed," and that she therefore "disagree[s]" that the conditions for withdrawal have occurred. (Ex. B, p.1.) Asked that morning whether there was any reason she could not "call [her] colleagues in Oklahoma and obtain that information" (Ex. B, p.1), she has not responded. (Schaffer Decl. ¶11).

## III. LEGAL STANDARD

Local Rule 7-18 permits reconsideration of an order "on any motion or application" based on "the emergence of new material facts or a change of law occurring after the Order was entered." L.R. 7-18(b); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration also appropriate where the initial decision was "manifestly unjust" or in "other, highly unusual, circumstances"). Because the Order is interlocutory, the Court also retains "the inherent procedural power to reconsider, rescind, or modify" it "for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citation omitted); *see* Fed. R. Civ. P. 54(b). Reconsideration is an "extraordinary remedy, to be used sparingly," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted), but this motion does not ask the Court to rethink anything it decided or repeat any argument made in opposing the Application. *See* L.R. 7-18. It rests on what has happened since

November 2.

## IV. ARGUMENT

### A. State Farm's Conduct Since the Order Warrants Reconsideration Under L.R. 7-18(b).

When the Court ruled, one of State Farm's two conditions had been met and the other was open: the parties had "not been informed as to any decision regarding pursuit of writ or other extraordinary relief." (ECF No. 79 at 1:6-8.) What has emerged since is that State Farm will neither say whether a writ will be sought nor withdraw its request, and that bears directly on whether a restriction the Court imposed "temporarily" (ECF No. 82 at 2:15) should continue.

*First*, there has been ample time to seek a writ, and none has been sought. State Farm sought relief "while the confidential nature of the documents is being actively litigated" in Oklahoma, and it told the Court the matter was too urgent to await a noticed motion. (ECF No. 77 at 4:16-17, 6:28-7:1.) But that question has not been litigated since October 28: in the seven weeks since the de-designation order, and the nearly three since reconsideration was denied, State Farm Fire has sought no writ. (Schaffer Decl. ¶12.)

*Second*, State Farm will not say whether a writ will be sought, when it believes the time to seek one expires, or when it will withdraw its sealing request; it has refused to give any timeframe at all. That refusal is itself new and material: a party that obtains emergency relief on a stated condition is expected to honor the condition when it is met, or at least to tell the Court whether it has been. On October 29, State Farm's counsel was "not informed" whether a decision against a writ had been made or the time to seek one had run (Schaffer Decl., Ex. A, p.3); two weeks later she had still "not received new information" on either (Schaffer Decl., Ex. B, p.1), and she has not answered why she cannot simply ask (Schaffer Decl. ¶11). Yet State Farm had no difficulty obtaining information from Oklahoma when it wanted something from this Court. It supported the Application with a

same-day declaration from State Farm Fire's *Hursh* counsel (ECF No. 77-2); its counsel was "informed by counsel in *Hursh*" of the reconsideration hearing in advance and knew by the next day how it had ended (ECF No. 77-1 at Page ID #:1882); and four days after the Order it filed sworn detail, down to the hundredth of an hour, about the *Hursh* and *West* document productions (ECF No. 83 at 15:15-17; ECF No. 83-4, ¶9).

The result is that State Farm's representation has been emptied of content. On its reading, the "interim" restriction lasts until its California counsel happens to hear from its Oklahoma affiliate. A condition within the control of the promisor and its affiliate, which they will neither satisfy nor disclaim, cannot be allowed to defeat the promise. Read reasonably, State Farm's representation was a commitment to withdraw the sealing request if no writ was pursued within a reasonable time. *Cf.* Cal. Civ. Code §1657 ("If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."). A reasonable time has passed.

Courts grant reconsideration in these circumstances. In *Bautista v. Santacruz*, 813 F.Supp.3d 1075 (C.D. Cal. 2025), the movants presented "new material facts"—the respondents' "failure to comply with the Court's orders"—and the court found "adequate grounds for this Court's reconsideration under Local Rule 7-18." *Id.* at 1081-82. And in *FTC v. Amazon.com, Inc.*, No. C14-1038-JCC, 2016 WL 3198292 (W.D. Wash. June 9, 2016), the accidental release of an order the court had sealed was a "new fact" justifying reconsideration of the order's "sealing and redaction." *Id.* at *2. So too here: State Farm asked for a short interim restriction, and what remains is a restriction with no end.

### B. State Farm Should Be Held to Its Representation.

Leaving the Order in place would also reward State Farm for breaking its word to the Court. Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly

inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). It guards "against a litigant playing fast and loose with the courts." *Id.* (internal quotation marks and citation omitted).

Each consideration the Supreme Court has identified is present. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). First, State Farm's position that the restriction continues for as long as its counsel remains uninformed about a writ is "clearly inconsistent," *id.* at 750, with its representation that it asked, "only for a short interim restriction" (ECF No. 77 at 6:17-18). Second, State Farm "succeeded in persuading" the Court to grant the Application. *Id.* And, third, it would "derive an unfair advantage" if not held to its word, *id.* at 751: the interim restriction would become an indefinite one, without State Farm ever having shown—indeed, having disclaimed any attempt to show—that the Documents are confidential.

**C. At a Minimum, the Court Should Set a Date Certain.**

If the Court is not inclined to vacate the Order outright, it should at least put an end date on what State Farm called a "short interim restriction" (ECF No. 77 at 6:18) and the Court ordered "temporarily" (ECF No. 82 at 2:15). Plaintiffs request, in the alternative, an order (1) requiring State Farm to file, within three court days, a declaration from a person with knowledge stating whether any writ or other extraordinary relief from the *Hursh* de-designation rulings has been sought and, if not, the last date on which State Farm contends it may be; and (2) providing that, unless State Farm files proof within seven days of the Court's order that such relief is actually pending, the restriction on ECF Nos. 75 and 75-2 will terminate and State Farm's sealing request will be deemed withdrawn.

**V. CONCLUSION**

Reconsideration was denied, no writ has been pursued, and State Farm will not say whether or when one will be. Plaintiffs respectfully request that the Court vacate the Order (ECF No. 82); direct the Clerk to restore public access to ECF Nos. 75 and 75-2; and deem State Farm's sealing request withdrawn. In the

alternative, Plaintiffs request the relief described in Section IV.D.

Dated: November 16, 2026

KERLEY SCHAFFER LLP
/s/ Dylan L. Schaffer
Dylan L. Schaffer
Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Kathy Myles and Willie Daniels, certifies that this brief contains 2,081 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 16, 2026

/s/ Dylan L. Schaffer
Dylan L. Schaffer