J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No. 2:26-cv-00452-CAS-MBK

**DISCOVERY MATTER**

Magistrate Judge Michael B. Kaufman

**DECLARATION OF DYLAN L. SCHAFFER IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING STATE FARM'S EX PARTE APPLICATION (ECF NO. 82)**

Date: December 14, 2026
Time: 10:00 a.m.
Courtroom: 550 (5th Floor)

2nd Amended Complaint: 3/16/2026
Discovery Cutoff: 4/15/2027
Trial Date: 10/12/2027

# DECLARATION OF DYLAN L. SCHAFFER

I, Dylan L. Schaffer, declare as follows:

1. I am an attorney admitted to practice before this Court and counsel of record for Plaintiffs Kathy Myles and Willie Daniels. I submit this declaration in support of Plaintiffs' Motion for Reconsideration of the Court's November 2, 2026 Order (ECF No. 82) (the "Order"). I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

## A. State Farm's Representation and the *Hursh* Ruling

2. On October 27, 2026, Defendant State Farm General Insurance Company ("State Farm") filed its Ex Parte Application to Compel Compliance with Local Rule 79-5.2.2(b) (ECF No. 77) (the "Application"). The Application states: "If the *Hursh* court denies the pending motion for reconsideration and no writ relief is pursued regarding the same, the sealing request will be withdrawn in this action." (ECF No. 77 at 2:18-20; *see also id.* at 6:20-22, 7:15-18.)

3. On October 28, 2026, I was informed that the court in *Hursh v. State Farm Fire & Casualty Co.*, No. CJ-2025-2626 (Okla. Dist. Ct., Okla. Cnty.) ("*Hursh*"), had that day denied the motion of State Farm Fire and Casualty Company ("State Farm Fire") to partially reconsider its September 28, 2026 de-designation order. That evening I emailed State Farm's counsel, Jennifer Hoffman, and asked that she inform the Court and withdraw the Application. Ms. Hoffman responded by email the next morning. She confirmed that "the motion for reconsideration was denied in *Hursh* on October 28," and wrote: "I am not informed that a decision to not pursue writ or other extraordinary relief has been made on the issue, or that the time to pursue such relief has run." After quoting the Application's representation, she wrote: "Accordingly, we do not agree to withdraw the pending Application in *Myles* based on this development in *Hursh* at this time." (Ex. A, pp.3-4.) A true and correct copy of this October 28–29, 2026 email exchange is attached as **Exhibit A**.

4. On October 29, 2026, the parties filed a Joint Notice advising the Court that the *Hursh* motion for reconsideration had been denied and that "[t]he Parties have not been informed as to any decision regarding pursuit of writ or other extraordinary relief on the matter in *Hursh*." (ECF No. 79 at 1:6-8.) The Court entered the Order on November 2, 2026.

**B. Plaintiffs' Requests Since the Order**

5. On November 4, 2026, I wrote to Ms. Hoffman that the Application "expressly states that you will withdraw the request if the *Hursh* motion for reconsideration is denied (which it was) and if no writ is filed (which is the case to date)," and that State Farm was therefore "obligated either (a) to seek rescission of the Court's order or (b) to provide a date upon which you would consider your condition precedent for the withdrawal of the sealing request satisfied." (Ex. B, p.4.) A true and correct copy of the parties' November 3–11, 2026 email exchange is attached as **Exhibit B**.

6. I received no response on that subject. On November 5, 2026, I wrote again, requested a conference of counsel regarding this motion, and offered to meet on November 6, 9, or 10. (Ex. B, pp.3-4.) On the morning of November 9, 2026, Ms. Hoffman responded: "We do not believe that there is a valid basis for reconsideration of the Order. If you intend to pursue a motion, I am also available to meet this afternoon from 3:30 to 5." (Ex. B, p.3.)

**C. Conference of Counsel (L.R. 7-3)**

7. The conference of counsel required by L.R. 7-3 took place on November 9, 2026, at approximately 4:00 p.m., by video conference, between Ms. Hoffman, myself and my associate, Nicholas Peterson.

8. Plaintiffs' position is that the conditions on which State Farm told the Court it would withdraw its sealing request have been satisfied: the *Hursh* court denied reconsideration, and no writ relief has been pursued. Plaintiffs therefore contend that reconsideration of the Order is warranted and that State Farm should

withdraw its sealing request or, at a minimum, identify the date on which it will do so. I stated that position at the conference. I asked Ms. Hoffman whether a writ would be sought in *Hursh*, and I asked for a date by which State Farm would withdraw its sealing request.

9. State Farm's position, as Ms. Hoffman stated it in writing and at the conference, is that there is no valid basis for reconsideration of the Order and that the conditions for withdrawing its sealing request have not occurred. (Ex. B, pp.1, 3.) Ms. Hoffman did not provide a date by which a writ would be sought or by which State Farm would withdraw its request. She explained that because she is not counsel in the Oklahoma action, she could not provide insight into whether such a filing would be made. The parties were unable to resolve the issues presented by this motion.

10. On November 10, 2026, I sent Ms. Hoffman an email following up on the conference. (Ex. B, p.2.) Ms. Hoffman replied on November 11, 2026. She wrote that she disagreed with my summary of the conference, and stated: "During our meeting, I explained that I had not received new information regarding whether State Farm Fire would pursue writ or other extraordinary relief, or whether the time to do so has passed. That remains true. Accordingly, I disagree with your statement that 'all conditions precedent' to withdrawing any sealing request have occurred." She also wrote that the November 9 meeting "was held in response to your request for a meet and confer regarding a motion for reconsideration." (Ex. B, p.1.)

11. I responded that morning: "Do you, as of today, have information regarding State Farm's plan to writ either the original de-designation order in *Hursh*, or the denial of the motion for reconsideration? If not, can you explain why you cannot call your colleagues in Oklahoma and obtain that information? . . . Is there some bar on your obtaining information relating to any planned writ? If so, would you please articulate it?" (Ex. B, p.1.) As of the date of this declaration, I

have received no response to that email, and no one on State Farm's behalf has told me whether a writ will be sought in *Hursh*, when State Farm contends the time to seek one expires, or when State Farm will withdraw its sealing request.

**D. Status of *Hursh***

12. On November 16, 2026, I reviewed the publicly available docket for *Hursh* on the Oklahoma State Courts Network ("OSCN") and searched OSCN for any original proceeding in the Oklahoma Supreme Court arising from *Hursh*. I found no application to assume original jurisdiction, petition for a writ, or other request for extraordinary relief concerning the September 28, 2026 de-designation order or the October 28, 2026 denial of reconsideration. State Farm has never informed me that any such filing has been made.

**E. Plaintiffs' Compliance with the Order**

13. On November 11, 2026, Plaintiffs complied with the Order. Plaintiffs re-submitted their Supplemental Brief and the Supplemental Declaration of Mark Romano pursuant to L.R. 79-5.2.2(b), filing the unredacted versions under seal and filing on the public docket versions that redact the documents Bates-numbered HUR00061158–HUR00061176 and quotations from them. (ECF Nos. 85-86.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2026, at Oakland, California.

/s/ Dylan L. Schaffer
Dylan L. Schaffer

# EXHIBIT A

EXHIBIT A

## Nicholas Peterson

**From:** Dylan Schaffer
**Sent:** Thursday, October 29, 2026 11:00 AM
**To:** Jennifer Hoffman
**Cc:** Edward Kerley; Nicholas Peterson; Madalyn Macarr; Sarah Blitz; Gino Pasquale
**Subject:** RE: Myles v State Farm

Counsel,

In this case, I think we should do both. The Court may well be using resources unnecessarily and I think we owe it to the Court to inform it asap. The Docket entry may not reach the Court asap. If you would prefer I can draft the email to the Court, but I would propose the same language, simply indicating that we are also filing so it is attached to the pleading.

DS

Dylan Schaffer
KERLEY SCHAFFER LLP
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 2
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

-----Original Message-----
From: Jennifer Hoffman <jhoffman@sheppard.com>
Sent: Thursday, October 29, 2026 10:57 AM
To: Dylan Schaffer <dylan@kslaw.us>
Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>; Gino Pasquale <gpasquale@sheppard.com>
Subject: RE: Myles v State Farm

Thank you for your email. Your correspondence mentions both filing and messaging the Court. Based on recent direction from the Court, we would suggest a formal, filed "Joint Notice re" the Ex Parte Application and link it to the docket number.

If you agree, we can prepare to file. Please advise.

Jennifer Hoffman
Partner
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Direct: +1.213.617.4136 | Office: +1.213.620.1780 jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com

-----Original Message-----
From: Dylan Schaffer <dylan@kslaw.us>
Sent: Thursday, October 29, 2026 10:50 AM

To: Jennifer Hoffman <jhoffman@sheppard.com>
Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
Subject: RE: Myles v State Farm

Approved.

Dylan Schaffer
KERLEY SCHAFFER LLP
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 2
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

-----Original Message-----
From: Jennifer Hoffman <jhoffman@sheppard.com>
Sent: Thursday, October 29, 2026 10:44 AM
To: Dylan Schaffer <dylan@kslaw.us>
Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
Subject: RE: Myles v State Farm

Counsel,

Please see our proposed revision:

"The Parties jointly inform the court that State Farm Fire & Casualty Company's Motion for Reconsideration in the Hursh v State Farm case in Oklahoma was denied on 10/28/2026. That motion involved the disputed documents designated confidential that formed the basis of State Farm General Insurance Company's pending ex parte application in this case. The Parties have not been informed as to any decision regarding pursuit of writ or other extraordinary relief on the matter in Hursh."

Jennifer Hoffman
Partner
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Direct: +1.213.617.4136 | Office: +1.213.620.1780 jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com

-----Original Message-----
From: Dylan Schaffer <dylan@kslaw.us>
Sent: Thursday, October 29, 2026 9:59 AM
To: Jennifer Hoffman <jhoffman@sheppard.com>
Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
Subject: Re: Myles v State Farm

Here you go:

"The Parties jointly inform the court that State Farm's Motion for Reconsideration in the Hursh v State Farm case in Oklahoma was denied on 10/28/2026. That motion was the basis for State Farm's pending ex parte application. State Farm may, but has not at this time, sought writ relief"

DS

From Dylan's phone

> On Oct 29, 2026, at 9:39 AM, Jennifer Hoffman <jhoffman@sheppard.com> wrote:
>
> Counsel,
>
> I noticed a typo in my original email which has been corrected below in order to correctly refer to the Application in Myles and the development in Hursh.
>
> We look forward to hearing from you.
>
> Jennifer Hoffman
> Partner
> 350 South Grand Avenue, 40th Floor
> Los Angeles, CA 90071
> Direct: +1.213.617.4136 | Office: +1.213.620.1780
> jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com
>
> -----Original Message-----
> From: Jennifer Hoffman
> Sent: Thursday, October 29, 2026 9:20 AM
> To: Dylan Schaffer <dylan@kslaw.us>
> Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson
> <nick@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz
> <sblitz@sheppard.com>
> Subject: RE: Myles v State Farm
>
> Counsel,
>
> Thank you for your email. I am also informed that the motion for reconsideration was denied in Hursh on October 28. I am not informed that a decision to not pursue writ or other extraordinary relief has been made on the issue, or that the time to pursue such relief has run. In our Application in Myles, we stated: "If the motion for reconsideration is ultimately denied in Hursh, and no writ or other extraordinary relief is pursued in Hursh, any sealing request will be withdrawn in this action." Accordingly, we do not agree to withdraw the pending Application in Myles based on this development in Hursh at this time. However, we are open to jointly informing the Court of the same. How do you propose communicating the above to the Court?
>
> Jennifer Hoffman
> Partner
> 350 South Grand Avenue, 40th Floor
> Los Angeles, CA 90071
> Direct: +1.213.617.4136 | Office: +1.213.620.1780
> jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com
>
> -----Original Message-----

> From: Dylan Schaffer <dylan@kslaw.us>
> Sent: Wednesday, October 28, 2026 7:54 PM
> To: Jennifer Hoffman <jhoffman@sheppard.com>; Madalyn Macarr
> <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
> Cc: Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>
> Subject: Myles v State Farm
>
> Counsel,
>
> I am informed that State Farm's motion for reconsideration in the Hursh case was denied today. I would be grateful if you would inform the court of that circumstance first thing in the morning and withdraw your application. As I recall, you informed the court that if the motion was denied, there would be no basis for your application to seal.
>
> If you do not inform the court of that circumstance by 10 AM, I will do so.
>
> Thank you.
>
> Regards,
>
> Dylan Schaffer
> From Dylan's phone
> Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

EXHIBIT B

EXHIBIT B

**Nicholas Peterson**

**From:** Dylan Schaffer
**Sent:** Wednesday, November 11, 2026 10:28 AM
**To:** Jennifer Hoffman
**Cc:** Nicholas Peterson; Edward Kerley; Madalyn Macarr; Sarah Blitz
**Subject:** RE: Myles v. State Farm

Counsel,

Do you, as of today, have information regarding State Farm's plan to writ either the original de-designation order in *Hursh,* or the denial of the motion for reconsideration? If not, can you explain why you cannot call your colleagues in Oklahoma and obtain that information? In your recent brief, you seemed entirely able in that context to determine information relating to the Oklahoma litigation. Is there some bar on your obtaining information relating to any planned writ? If so, would you please articulate it?

We will be proceeding with the motion for reconsideration as indicated barring your withdrawal of your ex parte request to seal documents that are already public and as to which your client has taken no steps to ensure they become un-public.

Sincerely,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 x204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Jennifer Hoffman <jhoffman@sheppard.com>
**Sent:** Wednesday, November 11, 2026 8:46 AM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Subject:** RE: Myles v. State Farm

Counsel,

Thank you for your email. I disagree with your summary of our 11/9 meeting. During our meeting, I explained that I had not received new information regarding whether State Farm Fire would pursue writ or other extraordinary relief, or whether the time to do so has passed. That remains true. Accordingly, I disagree with your statement that "all conditions precedent" to withdrawing any sealing request have occurred.

I also disagree with your characterization of our 11/9 discussion. The meeting was held in response to your request for a meet and confer regarding a motion for reconsideration. Our conferral regarding the sealing request occurred on October 23, when I requested that you proceed pursuant to the sealing rule

by phone and by email. You disregarded that request, necessitating the *ex parte* application and resulting in the Order.

**Jennifer Hoffman**
Partner

Sheppard
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Direct: +1.213.617.4136 | Office: +1.213.620.1780
jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Tuesday, November 10, 2026 5:23 PM
**To:** Jennifer Hoffman <jhoffman@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Subject:** RE: Myles v. State Farm

Counsel,

Following up on our conferral of 11/9/26. Based on that conferral, which was required by the LR before we submit our redacted filing, and your statements, we will be redacting only (a) the document range identified and (b) any quoted references to the documents. If you have a different understanding, please provide that by 11 a.m. tomorrow.

After our conferral, we will be filing a motion for reconsideration. I have repeatedly asked you to determine whether there is a writ in the offing in OK, although the motion was denied many weeks ago, and the motion for reconsideration was denied many days ago. You explained in our conferral that as you are not counsel in OK, you cannot provide any insight into the potential for such a filing. That circumstance will be made known to the Court, along with our argument that all conditions precedent to your promise to withdraw the sealing request have occurred.

Regards,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 2
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Dylan Schaffer
**Sent:** Monday, November 9, 2026 7:38 AM
**To:** Jennifer Hoffman <jhoffman@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>; Madalyn Macarr

<mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Subject:** Re: Myles v. State Farm

Counsel,

As for guidance, I have articulated that repeatedly. I have likewise blend the basis for our motion for reconsideration which we will certainly be filing shortly. I will be pleased to meet this afternoon. Why don't we say 4 o'clock. I am in Kohrt for the first half of the day. Please send an invite.

DS
From Dylan's phone

On Nov 9, 2026, at 7:04 AM, Jennifer Hoffman <jhoffman@sheppard.com> wrote:

Counsel,

I am unsure what direction you are continuing to request from us, as the Order is clear and I responded below stating the same.

We do not believe that there is a valid basis for reconsideration of the Order. If you intend to pursue a motion, I am also available to meet this afternoon from 3:30 to 5.

**Jennifer Hoffman**
Partner

350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Direct: +1.213.617.4136 | Office: +1.213.620.1780
jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Thursday, November 5, 2026 3:03 PM
**To:** Jennifer Hoffman <jhoffman@sheppard.com>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>
**Subject:** RE: Myles v. State Farm

Counsel,

I continue to await input on the proposed redactions. We cannot proceed with the filing without your input.

Also, I write to request a conferral regarding our intended motion for reconsideration. As I have pointed out, you expressly informed the Court that you would rescind the sealing request upon a condition precedent, namely, (a) denial of the motion for reconsideration in the *Hursh* case, and (b) the absence of any writ. (a) has occurred. (b) seems plainly to have

occurred, although having asked you for input on that point, or a date upon which you would agree (b) has occurred, you have ignored me.

I am required to file the motion by 11/16, that is 14 days after the filing of the order on 11/2. I therefore request a conferral at your earliest opportunity. I doubt it need take more than a few minutes. Your commitment to the Court is in your pleading. You have agreed the motion was denied. You have remained silent on the issue of a writ, other than to tell the Court you have no information one way or another. Given the passage of time since the *Hursh* court denied the reconsideration motion, and the otherwise *urgent* nature of your client's apparent concern about documents that are in the hands of multiple national news organizations, I would think you would agree the sealing request should be withdrawn. But if you refuse, of course, we will file the motion for reconsideration, on the grounds that there are new facts, namely, State Farm's apparent decision not to pursue any appellate challenge to the de-designation order or the order denying its motion for reconsideration.

I am widely available on 11/6, late p.m. on 11/9, and of course on 11/10 if you would like to combine the conversation with Ms. Clark's deposition.

Regards,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 2
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Dylan Schaffer
**Sent:** Wednesday, November 4, 2026 11:00 AM
**To:** Jennifer Hoffman <jhoffman@sheppard.com>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>
**Subject:** RE: Myles v. State Farm

Counsel,

First, the order simply directs us to file a redacted brief and declaration. The problem is that I do not know what sections of the brief you believe should be redacted. If you decline to meet and confer on that point, I will communicate that to the Court.

Second, your application expressly states that you will withdraw the request if the *Hursh* motion for reconsideration is denied (which it was) and if no writ is filed (which is the case to date). In that event, you are obligated either (a) to seek rescission of the Court's order or (b) to provide a date upon which you would consider your condition precedent for the withdrawal of the sealing request satisfied.

Please advise asap.

Regards,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 x204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Jennifer Hoffman <jhoffman@sheppard.com>
**Sent:** Wednesday, November 4, 2026 10:22 AM
**To:** Dylan Schaffer <dylan@kslaw.us>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>
**Subject:** RE: Myles v. State Farm

Counsel,

Thank you for your email. The Court's order is clear in our view: it does not require a further meet and confer, and instead requires Plaintiff to resubmit the papers with the requested redactions pursuant to the rule. Regardless, if you have a question regarding how to comply with an order from the Court, that question should be directed to the Court via proper motion or application, not my office.

Sincerely,

**Jennifer Hoffman**
Partner

350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Direct: +1.213.617.4136 | Office: +1.213.620.1780
jhoffman@sheppard.com | Bio | LinkedIn | sheppard.com

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Tuesday, November 3, 2026 2:53 PM
**To:** Jennifer Hoffman <jhoffman@sheppard.com>; Madalyn Macarr <mmacarr@sheppard.com>; Sarah Blitz <sblitz@sheppard.com>
**Cc:** Nicholas Peterson <nick@kslaw.us>; Edward Kerley <edward@kslaw.us>
**Subject:** Myles v. State Farm

Counsel,

We have received and review the Court's order on your ex parte today. We remain slightly confused about the order, and the process, so perhaps a conferral would make sense. The Court indicates that we are required to resubmit our Supplemental Brief and Mr. Romano's Declaration in compliance with LR 79-5.2.2(b). Specifically, the order applies HUR00061158–HUR00061176, and "quotations to the same redacted in the public filing."

The rule provides as follows:

"**(b) Documents Designated by Another as Confidential Pursuant to a Protective Order.** At least 3 days before seeking to file under seal a document containing information previously designated as confidential by another pursuant to a protective order, the Filing Party must confer with the person that designated the material confidential (the "Designating Party") in an attempt to eliminate or minimize the need for filing under seal by means of redaction. If the document cannot be suitably redacted by agreement, the Filing Party may file an Application pursuant to subsection (a), but the supporting declaration must identify the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue. The declaration must be served on the Designating Party on the same day it is filed, and proof of this service must be filed with the declaration.

Subsequently:

(i) Within 4 days of the filing of the Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. If the Designating Party maintains that only part of the designated material is sealable, the Designating Party must file with its declaration a copy of the relevant material with proposed redactions highlighted. The declaration and, if applicable, the document highlighting proposed redactions will be closed to public inspection. Failure to file a declaration or other required document may be deemed sufficient grounds for denying the Application.
(ii) If the Application is denied, the Filing Party may file the document in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days, after the Application is denied, unless the Court orders otherwise."

It is not clear to us precisely how this rule applies to the present situation, nor what the Court or you would like us to do.

(a) Can you please articulate how you read the order?
(b) Do we need to file the Application?
(c) Do you have any proposals for redactions of the brief? I do not believe we referred specifically to any documents – meaning, we did not quote any documents. If you could identify the portions of our brief you believe should be redacted, we can consider those and respond accordingly.
(d) Finally, as you have likely been made aware by your clients in the five weeks since these documents have been in the public record, they have been so widely circulated that the sealing exercise in this case continues to strike me as an exercise in putting the toothpaste

back in the tube. I have been contacted by no fewer than *three* journalists with national media outlets who have the documents and have asked me questions about them.

But of course, while we wonder about the efficacy of the exercise, we will comply with the Court's order once we have agreement on a path forward.

Your timely response would be much appreciated.

Best regards,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 2
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.