SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal Bar No. 240600
jhoffman@sheppard.com
MADALYN A. MACARR, Cal Bar No. 301539
mmacarr@sheppard.com
SARAH A. K. BLITZ, Cal. Bar No. 280118
sblitz@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIAM DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No. 2:26-cv-00452-CAS (MBKx)

District Judge: *Hon. Christina A. Snyder*
Mag. Judge: *Hon. Michael B. Kaufman*

**FURTHER DECLARATION OF CARRIE McNEER**

Trial Date: October 12, 2027

# **FURTHER DECLARATION OF CARRIE McNEER**

I, Carrie McNeer, declare as follows:

1. I am an attorney licensed to practice in Oklahoma and an attorney with GableGotwals. I am counsel for State Farm Fire and Casualty Company ("State Farm Fire") in *Billy and Lacy Hursh v. State Farm Fire and Casualty Company, et al.*, Case No. CJ-2025-2626, pending in the District Court of Oklahoma County, Oklahoma, before the Honorable Amy Palumbo (the "*Hursh* Action"). I previously submitted a declaration in support of State Farm General Insurance Company's request for limited, interim sealing relief in the above-captioned California federal action. This further declaration provides additional facts regarding State Farm Fire's confidentiality claim in the *Hursh* Action.

2. Unless otherwise stated, the facts below are based on my personal participation as counsel in the *Hursh* Action, my review of that court's orders and filings, and the court's docket. I could competently testify to these facts if called as a witness.

3. As stated in my prior Declaration, the *Hursh* court entered a protective order on or about December 11, 2025, governing the designation, use, and disclosure of certain materials produced in discovery. State Farm Fire produced documents under that order bearing a Confidential designation. Among those materials was a document identified as Bates-stamped HUR00061156–HUR00061176.

4. The *Hursh* plaintiffs moved to remove confidentiality designations from various materials, including the document identified as Bates-stamped HUR00061156–HUR00061176 which they identified as Exhibit 12 to their motion. On September 28, 2026, the Oklahoma court granted the request in part and de-designated certain documents, including Exhibit 12.

5. On October 14, 2026, State Farm Fire filed its *Motion to Partially Reconsider the Court's September 28, 2026 Order on Plaintiffs' Motion to De-*

*Designate* (the "Reconsideration Motion"). That motion sought restoration of confidential treatment for pages 3–21 of Exhibit 12, Bates HUR00061158–HUR00061176 (the "Disputed Document").

6. The Reconsideration Motion was set to be heard on October 26, 2026 along with various other motions. The October 26, 2026 hearing ended without ruling on the Reconsideration Motion.

7. On October 28, 2026, the *Hursh* court entered an order denying the Reconsideration Motion.

8. Following entry of the order, State Farm Fire considered its appellate options regarding its claim of confidentiality for the Disputed Document. Also following entry of the order, the parties engaged in discussions regarding resolution of the *Hursh* action unrelated to the order.

9. State Farm Fire continues to maintain that the Disputed Document is confidential for the reasons set out in the Reconsideration Motion and supporting papers.

10. State Farm Fire elected to not exercise its appellate options as to its confidentiality claim for the Disputed Document before resolving the *Hursh* action. But for resolution of the *Hursh* action, I expect that State Farm Fire would have pursued appellate relief regarding its claim of confidentiality for the Disputed Document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2026, at Tulsa, Oklahoma.

CARRIE McNEER