SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal. Bar No. 240600
jhoffman@sheppard.com
MADALYN MACARR, Cal. Bar No. 301539
mmacarr@sheppard.com
SARAH A. K. BLITZ, Cal. Bar No. 280118
sblitz@sheppard.com
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street #900
Oakland, California 94612
Telephone: (510) 379-5801
Facsimile: (510) 228-0350

Attorneys for Kathy Myles and Willie Daniels

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY MYLES, an individual, and WILLIE DANIELS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,<br><br>Defendant. | Case No. 2:26-cv-00452-CAS (MBKx)<br><br>*Assigned to Hon. Christina A. Snyder*<br><br>**JOINT SETTLEMENT CONFERENCE STATUS STATEMENT**<br><br>Trial Date: October 12, 2027 |

## JOINT SETTLEMENT CONFERENCE STATUS STATEMENT

Pursuant to the Court's Order (Dkt. 84), the parties submit the following respective statements regarding the status of settlement efforts.

**I. Defendant State Farm's Statement**

The parties previously agreed to participate in a settlement conference before Magistrate Judge Kaufman, and this Court ordered the same. (Dkt. 73). However, following a confidential, *ex parte* written communication from Plaintiffs' counsel to Judge Kaufman, Judge Kaufman withdrew from the settlement process, canceled the November 30 settlement conference, and ordered the parties to meet and confer regarding ADR preferences. (Dkt. 84). State Farm requested a copy of the *ex parte* correspondence from Plaintiffs' counsel to better understand the circumstances surrounding the cancellation of the previously agreed-upon and ordered conference and make an informed decision regarding next steps, but Plaintiffs have refused to provide it.

Notwithstanding the foregoing, State Farm remains committed to exploring a reasonable resolution and is prepared to engage in meaningful, good-faith settlement negotiations. State Farm is also amenable to participating in a settlement conference before another magistrate judge, including Magistrate Judges David T. Bristow, Steve Kim, Patricia Donahue, or Joel Richlin subject to the Court's availability and discretion. State Farm believes that an exchange of substantive settlement demands and counteroffers in advance of any conference would facilitate a productive settlement process and is willing to participate in such an exchange, and that the settlement conference must be in person as previously ordered by Judge Kaufman in order to be productive.

**II. Plaintiffs' Statement**

Judge Kaufman has withdrawn from his role in any settlement discussions. Plaintiffs request that the Court appoint another magistrate at its convenience. The Court should not select any of State Farm's proposed judges. It should instead

appoint a settlement judge the Court believes is appropriate to the case. Neither should Court dictate the terms of any settlement discussions, including the location of the conference, but should permit the appointed magistrate to set appropriate terms.

State Farm description of events is mistaken. Plaintiffs communication with Judge Kaufman was an entirely proper confidential communication pursuant to the Magistrate's settlement conference order. Such communications are standard in the settlement process. Indeed, Judge Kaufman expressly *authorized* Plaintiffs' counsel to send the confidential communication.

State Farm's demand that Plaintiffs' counsel reveal the contents of the confidential settlement communication was improper. Still, counsel did not refuse to share the communication with State Farm; instead counsel informed State Farm's lawyers that if Defendant believes it should be entitled to obtain confidential settlement communications between a party and a settlement judge, it should appropriately make that request *to Judge Kaufman*, who authorized it. Unsurprisingly, State Farm has not asked Judge Kaufman for the communication.

Finally, Plaintiffs have already begun the settlement process by making a demand which was sent on November 13, 2026. We expect State Farm will respond accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: November 16, 2026 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *___/s/ Jeniffer M. Hoffman___*
JENNIFER M. HOFFMAN
SARAH A.K. BLITZ
MADALYN MACARR

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Dated: November 16, 2026 Kerley Schaffer LLP

By *___/s/ Dylan Schaffer___*
DYLAN SCHAFFER

Attorneys for Plaintiffs

**ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i) of the United States District Court for the Central District of California, I, Jennifer M. Hoffman, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By *___/s/ Jeniffer M. Hoffman___*
JENNIFER M. HOFFMAN