J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
**Kerley Schaffer LLP**
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801
Email: service@kslaw.us
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

KATHY MYLES, an individual, and WILLIE DANIELS, an individual,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10,

Defendants.

Case No. 2:26-cv-00452-CAS-MBK

**DISCOVERY MATTER**
Magistrate Judge Michael B. Kaufman

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION (ECF NO. 88)**

Date: December 14, 2026
Time: 10:00 a.m.
Courtroom: 550 (5th Floor)

2nd Amended Complaint: 3/16/2026
Discovery Cutoff: 4/15/2027
Trial Date: 10/12/2027

## I. INTRODUCTION

Plaintiffs moved for reconsideration of the Court's November 2, 2026 Order (ECF No. 82) (the "Order") because State Farm would not say whether its affiliate would seek a writ in *Hursh*, or when State Farm would keep its promise to withdraw its sealing request. (ECF No. 88.) As recently as November 11, State Farm's counsel wrote that she had "not received new information" on either point. (ECF No. 88-2, Ex. B at 1.)

Thirty minutes after the motion was filed, State Farm filed a "Notice of Limited Withdrawal" with a sworn declaration from State Farm Fire's *Hursh* counsel stating that State Farm Fire "elected to not exercise its appellate options" and that the *Hursh* action has been resolved. (ECF No. 89 (the "Notice"); ECF No. 89-1 ("McNeer Decl.") ¶¶8, 10; Declaration of Nicholas J. Peterson ISO Supplemental Memorandum ("Peterson Decl.") ¶2.)

State Farm's own declarant thus confirms that both conditions State Farm set for withdrawing its sealing request have been met. But the Notice does not do what State Farm promised. Instead of withdrawing "the sealing request" in "this action" (ECF No. 77 at 2:18-20), it withdraws a request "regarding portions of" a docket entry—ECF No. 86-2—that was never the subject of any sealing request; it says nothing about Plaintiffs' Supplemental Brief, which the Order also restricted and which is under seal at ECF No. 86; and it asks the Court to do nothing. Plaintiffs bring these further new facts to the Court's attention so that it does not act on the Notice as written, and renew each request made in their motion.

## II. THE NOTICE DOES NOT WITHDRAW STATE FARM'S REQUEST

### A. It Is Directed at the Wrong Docket Entry.

State Farm's Application asked the Court to restrict public access to ECF Nos. 75 and 75-2—Plaintiffs' Supplemental Brief and the Supplemental Declaration of Mark Romano. (ECF No. 77, p.1.) The Order did exactly that, and directed Plaintiffs to resubmit both documents under L.R. 79-5.2.2(b). (ECF No.

82 at 2:14-20.) ECF No. 86-2 is the unredacted copy of the Romano declaration that Plaintiffs filed under seal on November 11, as an attachment to ECF No. 86, because the Order required it; the redacted public versions are ECF Nos. 85 and 85-1. (ECF No. 88-2, ¶13.)

State Farm has never directed a sealing request at it. The Notice is not even consistent on the point: its caption, its text, and the footer of its first page identify "Dkt. No. 86-2," while the footer of its second page identifies "Dkt. No. 75-2." (ECF No. 89 at 1, 2.) And it rests on a "Supplemental Declaration of Carrie McNeer" (*id.* at 2:6-7), when the declaration actually filed is a "Further Declaration" (ECF No. 89-1 at 1).

In a filing the Court may be asked to act on, these errors matter: a clerk or a court reading the Notice could reasonably unseal ECF No. 86-2 and leave the restriction on ECF Nos. 75 and 75-2—the entries the Order actually restricted—in place.

**B. It Ignores the Supplemental Brief.**

The Application sought, and the Order imposed, a restriction on the Supplemental Brief (ECF No. 75) as well as the Romano declaration (ECF No. 75-2), because the brief quotes the Documents. (ECF No. 82 at 2:14-20 (ordering "quotations to the same redacted in the public filing").) The Notice says nothing about the brief, either as filed at ECF No. 75 or as re-filed under seal at ECF No. 86. If State Farm no longer seeks to seal the Documents, there is no basis to keep restricted a brief that does no more than quote them. Nor does the Notice say which "portions" of the declaration, if any, State Farm still wants sealed, though it calls its withdrawal "limited" and its declarant says State Farm Fire "continues to maintain" the Documents are confidential. (ECF No. 89 at 2:3; McNeer Decl. ¶9.)

**C. It Leaves the Order's Restriction in Place.**

State Farm represented that "the sealing request will be withdrawn in this action." (ECF No. 77 at 2:18-20.) The Notice asks the Court for nothing: not to

vacate the Order, and not to restore public access to ECF Nos. 75 and 75-2. Unless the Court acts, the restriction the Court imposed "temporarily" (ECF No. 82 at 2:15) remains in effect, with nothing left to support it. The Order did not sanction anyone; it restricted access and directed resubmission under L.R. 79-5.2.2(b) to give State Farm "an opportunity to support [its] claim that the information should be protected." (ECF No. 82 at 2:11-20.) State Farm has now given up that opportunity. A bare assertion that the Documents remain confidential (McNeer Decl. ¶9) cannot fill that gap. State Farm told the Court it was not seeking "a ruling on the confidential nature of the Documents" (ECF No. 77 at 2:17-18), and a party that does not carry its burden to justify sealing loses it: "the default posture of public access prevails." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006).

## III. THE NOTICE DISCLOSES NEW FACTS THAT CONFIRM RECONSIDERATION IS WARRANTED

### A. The *Hursh* Action Is Resolved, and No Writ Will Be Sought.

State Farm sought the Order "while the confidential nature of the documents is being actively litigated" in Oklahoma. (ECF No. 77 at 4:16-17.) State Farm Fire's counsel now attests that State Farm Fire "elected to not exercise its appellate options as to its confidentiality claim" and that the *Hursh* action has been resolved. (McNeer Decl. ¶10.) The dispute on which the Order rested is over, and both of State Farm's conditions are satisfied: reconsideration was denied in *Hursh*, and no writ was or will be pursued. These are new material facts that emerged after the Order was entered. L.R. 7-18(b). They leave nothing for the "short interim restriction" State Farm requested (ECF No. 77 at 6:17-18) to accomplish.

### B. State Farm Had This Information When It Wanted It.

The McNeer declaration is notably silent on dates. It does not say when State Farm Fire made its election or when the *Hursh* action was resolved—only that, after the October 28 ruling, State Farm Fire "considered its appellate options"

and the parties "engaged in discussions regarding resolution." (McNeer Decl. ¶8.) During that same period, State Farm's counsel told Plaintiffs on November 9 that there was no "valid basis for reconsideration," and on November 11 that she had "not received new information regarding whether State Farm Fire would pursue writ or other extraordinary relief, or whether the time to do so has passed." (ECF No. 88-2, Ex. B at 1, 3.) Nor can the date be found elsewhere: the *Hursh* docket does not yet reflect any resolution of the action (Peterson Decl. ¶3). Yet thirty minutes after Plaintiffs' motion was filed, State Farm filed a sworn declaration from its affiliate's Oklahoma counsel. As in the Application itself, State Farm had no difficulty obtaining information from Oklahoma once it served State Farm's purposes to do so. (*See* ECF No. 88-1 at 4:27-5:6.)

## IV. CONCLUSION

State Farm's own declarant confirms that reconsideration was denied in *Hursh*, that no writ will be pursued, and that the *Hursh* action is resolved. Plaintiffs' alternative request for an order requiring State Farm to say whether writ relief would be sought (ECF No. 88-1 at 6:14-23) is therefore moot. Plaintiffs renew their request that the Court (1) vacate the Order (ECF No. 82); (2) direct the Clerk to restore public access to ECF Nos. 75 and 75-2; and (3) deem State Farm's sealing request withdrawn in its entirety, as to both the Supplemental Brief and the Supplemental Declaration of Mark Romano. Because the Notice is directed at the sealed version of the Romano declaration, Plaintiffs further request that the Court direct the Clerk to unseal ECF No. 86 and its attachments, so that no sealed copy of these papers remains on the docket.

Dated: November 17, 2026

KERLEY SCHAFFER LLP
/s/ Nicholas J. Peterson
Nicholas J. Peterson
Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Kathy Myles and Willie Daniels, certifies that this brief contains 1,325 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 17, 2026

/s/ Nicholas J. Peterson
Nicholas J. Peterson